Matter of T——

In EXCLUSION Proceedings

A-10268939

*Decided by Board September 21, 1956*

Petty offense—Conviction in Italy of aggravated theft—Punishment not "actually imposed" when court on same date as sentencing grants pardon of one-year prison sentence.

Punishment has not been "actually imposed" within the meaning of section 4, P.L. 770, when the Italian Court which convicted applicant of aggravated theft of property (valued at less than $50) has on the date of imposing sentence granted applicant a "pardon" of a one-year prison term and fine.

APPLICATION: Admission for permanent residence.

BEFORE THE BOARD

**Discussion:** The special inquiry officer upon conclusion of a hearing conducted at New York, New York, on June 15, 1956, for the purpose of determining the appellant's admissibility to the United States under the Immigration and Nationality Act, found that the appellant was not inadmissible thereto under any of the paragraphs of section 212(a) of the Immigration and Nationality Act (8 U.S.C. 1182(a)) and as a consequence thereof he entered an order directing that the alien be admitted to the United States for permanent residence. The District Director of Immigration and Naturalization at New York, on June 22, 1956, noted an appeal from the aforementioned decision of the special inquiry officer. He specifically excepted to the conclusions of law rendered by the special inquiry officer in his decision of June 15, 1956.

The appellant, a 62-year-old male, native and citizen of Italy, arrived in the United States at New York, New York, on June 9, 1956, at which time he had in his possession and presented for inspection preference quota immigrant visa No. 2920, issued in his name by the United States Vice Consul at Naples, Italy, on May 2, 1956. At the time of his arrival in the United States, the appellant was destined to a son living in New York, New York. The record reflects that the appellant was convicted on October 6, 1943, in Italy of the crime of aggravated theft of 2500 pounds of lumber in violation of article 624-625, paragraph 7, of the Penal Code of Italy.

4

Thereafter, he was convicted on March 21, 1946, and sentenced to imprisonment for one year and to pay a fine of 3000 lire. On the same date, the Tribunal of S. Maria C.V. declared the appellant pardoned entirely in accordance with article 5, Royal Decree of April 5, 1944, No. 96 of the Law. The remaining facts in this case have been heretofore fully covered by the special inquiry officer in his decision of June 15, 1956, and need no further discussion herein.

The question for this Board to resolve is whether the appellant is precluded from obtaining the benefits of Public Law 770 by reason of his having been sentenced to imprisonment for a period of one year. In determining whether an offense committed in a foreign country shall be considered a misdemeanor classifiable as a petty offense under section 4 of the Act of September 3, 1954, United States standards are to be applied. Hence, recourse is had to the equivalent offense under United States law, that is, Title 18 of the United States Code, or, if the equivalent offense is not found therein, Title 22 of the District of Columbia Code. After the equivalent offense under United States law has been identified for the purpose of determining whether an offense committed abroad shall be considered a misdemeanor classifiable as a petty offense under section 4 of the Act of September 3, 1954, the definitions in 18 U.S.C. 1 (3) are to be applied. The special inquiry officer has properly concluded that the appellant's conviction in Italy in March 1946 is a misdemeanor classifiable as a petty offense (Title 22, section 2202, District of Columbia Code).

Section 4 of the Act of September 3, 1954 (Public Law 770) provides that:

Any alien who is excludable because of the conviction of a misdemeanor classifiable as a petty offense under the provisions of section 1(3) of Title 18, United States Code, by reason of the *punishment* actually imposed, or who is excludable as one who admits the commission of such misdemeanor, may hereafter be granted a visa and admitted to the United States, if otherwise admissible: *Provided*, That the alien has committed only one such offense. (Emphasis supplied.)

Section 1(3) of Title 18, United States Code, provides that:

Notwithstanding any act of Congress to the contrary: * * *

(3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense.

On examination of the record, it is our considered opinion that the pardon granted to the appellant at the time of his conviction on March 21, 1946, is not a pardon of his conviction of the crime of aggravated theft, but a pardon of the sentence imposed; in other words, he was granted a suspended sentence. The Chancellor of the Tribunal of S. Maria C.V. certified on August 29, 1953, that the appellant must no longer serve the penalty of one-year imprisonment

and pay the fine of 3000 lire inflicted upon him by that Tribunal by sentence of March 21, 1946, because a period of five years had passed, to which the pardon of said penalty was subordinate, and which was consented him with said sentence, without having committed any other crime. This certification was made at S. Maria C.V. on August 29, 1953.

In view of the foregoing, it appears that the appellant, following his conviction of the crime of aggravated theft in Italy on March 21, 1946, received a suspended sentence. The United States courts have consistently held that there has been no sentence to imprisonment if the imposition or execution of a sentence was wholly suspended or conditionally suspended by granting probation as an alternative (*United States ex rel. Robinson* v. *Day*, 5 F.2d 1022). Accordingly, it must be held that the appellant was not punished even though sentenced to imprisonment for one year, inasmuch as the execution of the sentence has been wholly suspended. Section 4 of the Act of September 3, 1954 provides that any alien who is excludable because of a conviction of a misdemeanor classifiable as a petty offense under the provisions of section 1(3) of Title 18, United States Code, by reason of the *punishment* actually imposed * * *, may hereafter be granted a visa and admitted to the United States, * * *. Section 1(3) of Title 18, United States Code, provides that notwithstanding any act of Congress to the contrary, any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months * * *. Public Law 770 refers to punishment "actually imposed" and section 1(3) of Title 18, United States Code, uses the term "penalty." The term "sentence" is not used in either section 4 of Public Law 770 or in section 1(3) of Title 18, United States Code.

A careful analysis of the record shows that the appellant was given what in effect must be considered a suspended sentence following his conviction in March 1946. It appears that if he was not convicted of any crime within five years, he would be absolved from serving the sentence imposed on March 21, 1946. A "sentence" to a term of imprisonment is the final determination of the trial in a criminal cause, and it is the order of the court made in the presence of the defendant and/or his counsel, pronouncing the judgment and ordering the same to be carried into execution in the manner prescribed by law after judgment on the verdict. "Punishment" is pain, suffering, loss, confinement, or other penalty inflicted on a person for a crime or offense by the authority to which the offender is subject; it is a penalty imposed in the enforcement or applicaiton of law. The words "penalty," "liability," and "forfeiture" are frequently treated as synonymous with the word "punishment" in connection with crimes of the highest grade. The word "punishment" ordinarily implies some punishment of a temporary character. It must be

given its ordinary meaning and implies continued jurisdiction over a person. In the case at bar, sentence of one year was imposed on the appellant following his conviction in Italy on March 21, 1946. However, no punishment was actually imposed upon the appellant, inasmuch as he received what may be considered a suspended sentence after the aforementioned conviction. Hence, the appellant is eligible for the benefits provided in Public Law 770 by reason of the fact that he was not penalized and no punishment was actually imposed. The appellant was at no time subjected to confinement for the offense committed by him in October 1943.

After carefully considering all the evidence of record together with counsel's representations in oral argument on appeal, the findings of fact, conclusions of law, and the order of the special inquiry officer are hereby approved. Accordingly, the following order will be entered.

**Order:** It is ordered that the decision of the special inquiry officer dated June 15, 1956, authorizing the appellant's admission to the United States for permanent residence, be and the same is hereby approved.