MATTER OF DaN——

In VISA PETITION Proceedings

A-11752065

Approved by Assistant Commissioner December 21, 1959

First preference—Tailor (men's)—Employment as alterer of ready-to-wear clothing.

Beneficiary who has qualifications of "skilled tailor" is entitled to first pref-
erence quota status when his prospective employment in the United States
will be as an alterer of ready-to-wear clothing since such employment will
require him to remake practically every part of a man's suit or overcoat.
(Cf. *Matter of B——S——, Inc.*, 7 I. & N. Dec. 428.)

## BEFORE THE REGIONAL COMMISSIONER

**Discussion:** The beneficiary is a 27-year-old unmarried male, a
native and resident of Italy. The petitioner is a retail merchant
engaged in the sale of men's clothing. The men's suits and coats
sold are received ready-made from the manufacturer and each gar-
ment usually requires alteration to fit the customer who buys it.
This may involve such alteration of the garments as resetting the
shoulders, lowering the coat collar, lowering or making higher the
rise of trousers, removing pleats from trousers, or recutting and
resewing any part of a suit, as well as making the necessary meas-
urements for such alterations.

The petition was denied by the district director on the ground
that the proposed employment of the beneficiary as an alterer of
ready-to-wear clothing is not one which requires the technical train-
ing, specialized experience, or exceptional ability contemplated by
the law for first preference status (section 203(a) of the Immigra-
tion and Nationality Act). The petitioner has appealed from this
decision and the case is here for consideration of the appeal, the
sole issue being, therefore, whether the proposed employment re-
quires a tailor with the qualifications recited in the case under
reference.

The evidence shows that the beneficiary is a skilled tailor and
that he is employed in that craft in Italy, having been a tailor's
apprentice from 1944 to 1949, having been employed in a work shop
as a tailor from 1949 to 1952, and since 1952 having operated his
own shop as a tailor. This evidence is considered to establish the

beneficiary's qualifications as a tailor according to the criteria recited in *Matter of B——S——, Inc.,* 7 I. & N. Dec. 423.

It was stated in that case that for the beneficiary to qualify he must be capable of performing all of the operations necessary to make a man's suit or outercoat. It follows as a necessary consequence that the proposed employment of a beneficiary as a tailor should require skill of this scope and kind.

It appears from the evidence that the beneficiary in this case would be required in his proposed employment to measure a customer and to recut and resew any part of a suit of a ready-made garment to fit the measurements of the customer. The petitioner alleges, in effect, that this requires the same skill as a tailor as for one required to perform all of the operations necessary to make a man's suit or outercoat in the first place. Altering a ready-made suit or outercoat for one customer does not of course involve a total remaking of the garment, but where one customer will require for alterations the remaking of the garment in one part, another customer will in the same circumstances require the remaking of the garment in another part. On this assumption, it is reasonable to concede that the alteration tailor will be required over a period of time and in dealing with many customers to measure for and to remake practically every part that goes to make up a man's suit or outercoat, thus having to be capable in such employment of performing all of the operations necessary to make a man's suit or outercoat. It is, therefore, considered that the issue before us, that is, whether the proposed employment in this case requires a tailor capable of performing all of the operations necessary to make a man's suit or outercoat, must be decided in favor of the appellant and an order to that effect will be made.

**Order:** It is ordered that the appeal be sustained and that the petition to establish first preference quota status be granted.