## MATTER OF PIRAINO

### In Deportation Proceedings

### A-14797687

*Decided by Board November 3, 1967*

Respondent's conviction in Italy of aggravated theft, a crime involving moral turpitude, for which he was sentenced to one year's imprisonment and a 1,200 lire fine which sentence was reduced to eight months' imprisonment and an 800 lire fine and execution of sentence suspended, is classifiable as a "petty offense" within the meaning of section 212(a)(9) of the Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(9)—Alien convicted of crime involving moral turpitude.

ON BEHALF OF RESPONDENT:
Benedict Brucia, Esquire
26 Court Street
Brooklyn, New York 11201

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney
(Oral argument)

Vincent A. Schiano. Esquire
Trial Attorney
(Brief submitted)

The Service appeals from a decision of the special inquiry officer, finding respondent not deportable as charged and terminating these proceedings. The appeal will be dismissed.

Respondent is a 42-year-old married male alien, a native and citizen of Italy, who was issued a preference quota immigrant visa on April 15, 1966 as the spouse of a married daughter of a United States citizen. Upon presentation of that visa, he was admitted to the United States for permanent residence on May 16, 1966 at New York, New York, together with his wife and five minor children.

The Service seeks to deport respondent upon the ground that on May 16, 1966, when he entered the United States, he was deportable as one excludable under section 212(a)(9) for having been convicted of a crime involving moral turpitude.

Respondent has had two convictions. The first, in 1944, was for ag-

gravated theft, which involved moral turpitude; respondent was found to have stolen a sack of sugar, worth 739.35 lire, and was sentenced to one year's imprisonment and a 1,200 lire fine, which was reduced to eight months' imprisonment and an 800 lire fine, and execution of sentence was suspended. In 1953, he was convicted of peddling fruit without a license and fined 4,000 lire; this does not involve moral turpitude. The details of both these convictions were available to the consular officer who issued respondent's visa on April 15, 1966 and to the immigrant inspector who admitted him on May 16, 1966 (see Ex. 3, visa and attached documents). That they were aware of the conviction when they found respondent not to be excludable is apparent from the fact that the consular officer marked the visa application, in answer to the relevant question, with the words "petty offense 1944".

These are deportation proceedings, respondent being in the United States after having been admitted for permanent residence. It, therefore, devolves upon the Service to establish, by clear, unequivocal and convincing evidence, that the facts upon which it bases its claim that respondent was excludable on May 16, 1966, and is now deportable, are true.

The Service contends that respondent did not come within the petty offense exception to excludability under section 212(a)(9) for two reasons: (a) the 1944 conviction, although conceded to be a misdemeanor within the definition set forth in Title 22 of the District of Columbia Code, was not for a petty offense; and (2) respondent has failed to prove that he committed only one such offense.

The statute makes admissible:

* * * Any alien who would be excludable because of the conviction of a misdemeanor classifiable as a petty offense under the provisions of section 1(3) of title 18, United States Code, by reason of the *punishment actually imposed,* * * * if otherwise admissible: *Provided,* that the alien has committed only one such offense * * *. (Emphasis supplied.)

The Service points out that "a sentence of eight months and eight hundred lira was *imposed* and * * * the execution of the sentence was suspended. * * *" It concludes, therefore, that the "punishment actually imposed" exceeds the statutory limit for a petty offense of six months' imprisonment or a five hundred dollar fine or both. It cites, in support of its position, four precedent decisions of the Board. None of the cited decisions is actually in point.[1] No reference is made

---

[1] *Matter of D—,* 8 I. & N. Dec. 658, involved a crime committed in the United States with deportability charged under section 241(a)(4); we held that a sentence to imprisonment for one year, even if there was no confinement, came within the specific language of that section, and that the petty offense amendment was not applicable to section 241(a)(4). In *Matter of M—,* 8 I. & N. Dec.

to *Matter of T—*, 8 I. & N. Dec. 4, in which the Board had before it the specific question here. T— was a native of Italy who had been convicted of aggravated theft (lumber valued at less than $50) and sentenced to one year's imprisonment and a fine of 3,000 lire. After sentencing, the court declared the appellant had been pardoned, in accordance with a specified decree. The Board found, on examining the record, that this was not a pardon of the conviction, but only of the sentence imposed, and that the alien had, therefore, been granted a suspended sentence. Specifically considering the effect of a suspended sentence under the petty offenses amendment, we held that "sentence imposed" was not the same as "punishment imposed", that "punishment" must be given its ordinary meaning, and that because sentence had been suspended, there was no "punishment actually imposed", and the conviction came within the petty offenses exception. In the case now before us, the special inquiry officer's statement on the applicable law was correct, and the consular officer was also correct in his evaluation of the 1944 conviction as a petty offense.[2] We are not persuaded by anything in the Service appeal that a reevaluation of the rationale in *Matter of T—*, *supra*, is warranted.

Turning to the second contention, we believe the respondent met the burden, imposed on him by section 291, of establishing eligibility when he applied for his visa. Section 212(a)(9) defines the type of crime which will render an alien excludable, and provides that excludability will result when there has been conviction of such a crime, *or* when the alien admits having committed such a crime, *or* when the alien admits having committed acts which constitute the essential elements of such a crime. The petty offense exemption (which, it must be remembered, is not a discretionary waiver but a limitation on the applicability of section 212(a)(9)), excuses the commission or convic-

___

453, the alien was sentenced to three years' imprisonment, and there is nothing to show that he was not actually confined for that time. Therefore, by virtue of the length of the punishment actually imposed, the case did not come within 18 U.S.C. 1(3) and was not a petty offense. *Matter of C—O—*, 8 I. & N. Dec. 488, dealt with a crime committed in Texas, for which the maximum penalty was two years' imprisonment; because of this factor, the crime was not classifiable as a misdemeanor under 18 U.S.C. 1, and could not qualify as a petty offense, in spite of the fact that the punishment actually imposed was only two months' imprisonment. *Matter of M—C—*, 8 I. & N. Dec. 280, dealt with a California statute under which there could be a conviction for either a misdemeanor or a felony, and the actual conviction was for a misdemeanor with a six-month suspended sentence; we held the crime to be a petty offense but the alien could not qualify for the exception because he was not otherwise admissible.

[2] The points raised on oral argument about the alleged actual nature of the crime and whether respondent had any other convictions are far too nebulous and speculative to add any real weight to the basic Service argument.

tion of such a crime, if by its magnitude it is properly classifiable as a petty offense, and if the alien has committed or admits the commission of "only one such offense." Since section 212(a) (9) deals only with conduct which will result in excludability, the restriction of the petty offense exemption to "only one such offense" of necessity relates to conduct which would result in excludability, *i.e.*, a crime involving moral turpitude, of which the alien has been convicted, or which he admits having committed, or of which he admits having committed acts constituting its essential elements. Respondent presented evidence of a single conviction of a crime involving moral turpitude, which was properly classifiable as a petty offense, and of a conviction for illegal peddling which did not involve moral turpitude. He did not (and does not now) admit conviction or commission of any other crime or acts constituting the essential elements of any other crime, of any sort, and his police record showed that no other action was then pending against him. We do not see how he could possibly have gone further in establishing that he had committed only one petty offense, and find that visa issuance and admission for permanent residence were proper in the circumstances.

The burden is now on the Service, to establish by clear, unequivocal and convincing evidence, that respondent had committed more than one such offense prior to entry, if it is to be successful in its effort to reverse the special inquiry officer's finding that respondent is not deportable as charged. In support of its claim, the Service has presented, as Exhibit 4, an Order of Arrest, signed by the Judge at the Tribunal of Sciacca, Italy, on June 23, 1966, five weeks after respondent's admission to the United States and five months after he made application to the local authorities for documents to support his visa application. This order authorizes the arrest of respondent (whom it shows to have emigrated to the United States) and six others, on a charge of complicity in the knife slaying of one Liborio Maggio, which took place twelve years earlier, on May 25, 1954. The Service argument, stripped of rhetoric and reduced to essentials, is that respondent was excludable on May 16, 1966 because he had not disproved commission of this crime, with which he had not yet been charged, and that he must now be deported so that he can discharge that task in the jurisdiction where the accusation has taken place. If a conviction in absentia cannot be the basis for a finding of excludability under section 212(a) (9) or (10) (see 22 CFR 42.91(a) (9) (v); 42.91 (a) (10) (iii); 41.91(a) (9) (iv); 41.91(a) (10) (ii)), or for a finding of deportability based on conviction of crime (*Ex parte Koerner*, 176 Fed. 478; *Ex parte Watchom*, 160 Fed. 1014; Gordon & Rosenfield, *Immigration Law and Procedure*, Revised Edition, 1966, p. 4–88), it

follows that the Service claim that respondent is deportable as one who was excludable for crime, based only on an Order of Arrest issued in absentia, must fail. As the special inquiry officer has pointed out, the cause of justice need not suffer, since the government of Italy can resort to the extradition process if it wishes to have respondent returned to Italy for trial.

**ORDER:** It is ordered that the appeal herein be and the same is hereby dismissed.