## MATTER OF CASTRO

### In Deportation Proceedings

### A-26378614

*Decided by Board August 1, 1988*

(1) In determining whether a conviction comes within the "petty offense" exception of section 212(a)(9) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(9) (Supp. IV 1986), as amended by the Comprehensive Crime Control Act of October 12, 1984, Pub. L. No. 98-473, 98 Stat. 1837 (effective Nov. 1, 1987), the focus must be on the actual sentence imposed and not on what punishment an alien could have received under the applicable criminal statute.

(2) Where a criminal court suspends imposition of sentence, no sentence has been "actually imposed" for purposes of the exception in section 212(a)(9) of the Act.

(3) Where the criminal court convicted the respondent of a crime involving moral turpitude and sentenced him to 2 years' imprisonment but suspended execution of the sentence, the "sentence actually imposed" was 2 years' imprisonment and the respondent does not qualify for relief under the exception of section 212(a)(9) of the Act. *Matter of Patel*, 15 I&N Dec. 212 (BIA 1975); *Matter of Piraino*, 12 I&N Dec. 508 (BIA 1967); and *Matter of T-*, 8 I&N Dec. 4 (BIA 1956), distinguished.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Miguel D. Gadda, Esquire
5258 Mission Street
San Francisco, California 94112

ON BEHALF OF SERVICE:
Beverley M. Phillips
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated June 12, 1985, an immigration judge found the respondent deportable as charged, denied his applications for suspension of deportation and voluntary departure, and ordered him deported to Mexico. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a 38-year-old married male, a native and citizen of Mexico, who entered the United States without inspection. He conceded deportability at his hearing. We are satisfied that de-

portability has been established by clear, unequivocal, and convincing evidence as required by 8 C.F.R. § 242.14(a) (1988) and *Woodby v. INS*, 385 U.S. 276 (1966). The only issues on appeal concern his eligibility for suspension of deportation and voluntary departure.

At the hearing, the respondent denied that he entered the United States on or about February 1, 1979, as alleged in the Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S). He claimed that he last entered the United States in January 1978 and thus was eligible for suspension of deportation. A Judgment and Probation/Commitment Order entered into evidence disclosed that the respondent was convicted on April 9, 1984, of transfer and delivery of counterfeit obligations of the United States in violation of 18 U.S.C. § 473 (1982). The court imposed on the respondent a sentence of imprisonment for a period of 2 years, suspended execution of the sentence of imprisonment, and placed the respondent on probation for a period of 3 years. The respondent admitted that he was convicted for "selling counterfeit money." He testified that he spent 23 days in prison.

The immigration judge found that the respondent last entered the United States on or about February 1, 1979, and that he had not met the continuous physical presence requirement for suspension of deportation. The immigration judge further determined that the respondent's conviction was for a crime involving moral turpitude, that he was not eligible for petty offense relief, and that he had not met the good moral character requirement for suspension of deportation and voluntary departure.

The respondent contends on appeal that the immigration judge erred in denying his applications for suspension of deportation and voluntary departure. He asserts that he now meets the 7 years continuous physical presence requirement. He further argues that, because this was his first criminal conviction, he should be treated similarly to someone convicted under a first offender statute.

In order to establish eligibility for suspension of deportation, an alien must prove that he has been physically present in the United States for a continuous period of not less than 7 years, that he has been a person of good moral character for the same period, and that his deportation would result in extreme hardship to himself, or to his United States citizen or permanent resident spouse, child, or parent. Section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1) (1982).

Even if the respondent did not meet the continuous physical presence requirement at the time of the hearing, he has now accumulated additional time in the United States. Since his appeal is not frivolous, that additional time in the United States means that

he has now acquired the requisite 7 years. We next address whether the respondent meets the good moral character requirement.

An alien fails to establish good moral character if he has been convicted of a crime involving moral turpitude during the statutory 7-year period. Sections 101(f)(3) and 212(a)(9) of the Act, 8 U.S.C. § 1101(f)(3) (1982) and 1182(a)(9) (Supp. IV 1986).

The respondent's conviction was for transfer and delivery of counterfeit obligations of the United States in violation of 18 U.S.C. § 473 (1982). Both the United States Court of Appeals for the Ninth Circuit (where the present case arises) and the Board have held that this crime involves moral turpitude. *Winestock v. INS*, 576 F.2d 234 (9th Cir. 1978); *Matter of Martinez*, 16 I&N Dec. 336 (BIA 1977).

Section 212(a)(9) of the Act now provides the following exception for petty offenses:

> An alien who would be excludable because of the conviction of an offense for which the sentence actually imposed did not exceed a term of imprisonment in excess of six months . . . may be granted a visa and admitted to the United States . . . .[1]

Before amendment of the statute, the "petty offense" provision read as follows:

> Any alien who would be excludable because of the conviction of a misdemeanor classifiable as a petty offense under the provisions of section 1(3) of title 18, United States Code, by reason of the punishment actually imposed . . . may be granted a visa and admitted to the United States . . . .

The issue we now face is whether the respondent's conviction fits within the "petty offense" exception of section 212(a)(9) of the Act. In amending the statute, Congress has simplified the "petty offense" exception. Reference to 18 U.S.C. § 1(3) has been eliminated. The focus is now on what sentence was imposed, and not what punishment an alien could have received under the applicable criminal statute.

Under the United States criminal law system, courts may either impose a sentence or suspend imposition of the sentence. If the court imposes a sentence, it may then suspend execution of that sentence. It is this Board's position that when imposition of the sentence is suspended, no sentence has been actually imposed. When a criminal court issues such an order, the defendant is generally placed on probation. In this situation an alien has not had a sentence imposed on him in excess of 6 months for purposes of the "petty offense" exception in section 212(a)(9) of the Act.

---

[1] This portion of section 212(a)(9) of the Act was amended to its present form by the Comprehensive Crime Control Act of October 12, 1984, Pub. L. No. 98-473, 98 Stat. 1837. The amendment became effective November 1, 1987.

In a case where the execution of the sentence is suspended, a sentence has actually been imposed, even though probation may also be granted. In this situation, the sentence that was suspended would have to be for 6 months or less for the alien to qualify for the "petty offense" relief.

In *INS* v. *Phinpathya*, 464 U.S. 183, 189 (1984), the Supreme Court reaffirmed its long-held view that, in all cases involving statutory construction, the starting point must be the language employed by Congress, and that the legislative purpose is expressed by the ordinary meaning of the words used. This Board finds that the phrase, "sentence actually imposed did not exceed a term of imprisonment in excess of six months," means that the sentence imposed by the criminal court must be for a term of imprisonment of 6 months or less. The respondent contends that the statute refers to the actual time an alien spends in prison. We reject the respondent's contention for two reasons. First, section 212(a)(9) of the Act specifically refers to the "sentence actually imposed." We would have to ignore the plain meaning of section 212(a)(9) of the Act to find that the "petty offense" exception refers to actual time served in prison of 6 months or less. We decline to do so.

Second, in cases interpreting the statute prior to its amendment, the Board held that "sentence imposed" was not the same as "punishment imposed," and that "punishment" must be given its ordinary meaning. Where execution of the sentence had been suspended, the Board held that there was no "punishment actually imposed," and that the conviction came within the "petty offense" exception. *Matter of Piraino*, 12 I&N Dec. 508, 510 (BIA 1967); *Matter of T-*, 8 I&N Dec. 4 (BIA 1956). *Contra Matter of Patel*, 15 I&N Dec. 212 (BIA 1975) (in interpreting section 17 of the California Penal Code, the Board found no distinction between punishment and sentence). Congress is presumed to know the prior construction of a statute. 1A N. Singer, *Sutherland Statutory Construction* §§ 22.33, 22.35 (4th ed. 1985). By changing the statutory language from "punishment actually imposed" to "sentence actually imposed," Congress must have intended a different result.

The respondent's reliance on *Matter of Garcia*, 19 I&N Dec. 270 (BIA 1985), and *Matter of Seda*, 17 I&N Dec. 550 (BIA 1980), is misplaced. Those cases deal with the issue of whether an alien is to be considered convicted for immigration purposes.

Applying the above analysis to the present case, we find that the respondent does not qualify for the petty offense relief. The sentence actually imposed in his case was 2 years of imprisonment. It does not matter for purposes of section 212(a)(9) that execution of the sentence was suspended and that he was placed on probation.

Nor does it matter that he spent only 23 days in jail. The sentence actually imposed by the criminal court judge in the respondent's case was 2 years. This fact determines that the respondent cannot qualify for the petty offense relief. He falls within the purview of section 212(a)(9) of the Act and is precluded by section 101(f)(3) of the Act from establishing good moral character. Therefore, he is statutorily ineligible for suspension of deportation.

Because we hold the respondent statutorily ineligible for suspension of deportation for failure to establish good moral character, we need not address his contention that he merits relief in the exercise of discretion.

Since the respondent's conviction is within the last 5 years, he is also statutorily ineligible for voluntary departure. Section 244(e) of the Act.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.