# MATTER OF BARRETT

In Bond Proceedings Pursuant To 8 C.F.R. § 242.2(d)

A-37213802

*Decided by Board March 2, 1990*

The definition of "drug trafficking crime" in 18 U.S.C. § 924(c)(2) (1988) for purposes of determining a drug-related "aggravated felony" within the meaning of section 101(a)(43) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43) (1988), includes state convictions for crimes analogous to offenses under the Controlled Substances Act, 21 U.S.C. § 801 et seq. (1988), the Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq. (1988), or the Maritime Drug Law Enforcement Act, 46 U.S.C. App. § 1901 et seq. (1988).

ON BEHALF OF RESPONDENT:
Anna Marie Gallagher, Esquire
301 I Street, N.W.
Washington, DC 20001

ON BEHALF OF SERVICE:
George W. Maugans
Acting Appellate
Counsel

BY: Milhollan, Chairman; Dunne and Morris, Board Members. Dissenting Opinion: Vacca and Heilman, Board Members.

The Immigration and Naturalization Service has appealed from the immigration judge's decision dated September 5, 1989, granting the respondent's request for a bond redetermination hearing. Oral argument before this Board was held on November 7, 1989. The appeal will be sustained, and the record will be remanded to the immigration judge.

The respondent is a 20-year-old native and citizen of Jamaica. An Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-122S) dated August 8, 1989, alleges that the respondent was admitted to the United States as a lawful permanent resident on September 12, 1980, at Miami, Florida.[1]

On January 19, 1989, the respondent was convicted in the District Court of Maryland, Prince George's County, of the following offenses: (1) two counts of possession of a controlled dangerous substance (one count for marihuana and one count for phencyclidine) in sufficient quantity to reasonably indicate under all circumstances an intent to

---

[1] This supersedes the original Order to Show Cause dated March 20, 1989.

manufacture, distribute, or dispense in violation of article 27, section 286 of the Annotated Code of Maryland; (2) two counts of possession of a controlled dangerous substance (one count for marihuana and one count for phencyclidine) in violation of article 27, section 287 of the Annotated Code of Maryland; and (3) possession with intent to use drug paraphernalia to contain a controlled substance in violation of article 27, section 287A of the Annotated Code of Maryland. He was sentenced to 3 years' probation.

The respondent is charged with deportability under section 241(a)(4)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4)(B) (1988), for conviction of an "aggravated felony," and under section 241(a)(11) of the Act, for conviction of a controlled substance violation. The Service determined that the respondent was to be continued in custody without bond pursuant to section 242(a)(2) of the Act, 8 U.S.C. § 1252(a)(2) (1988), which precludes the release of an alien convicted of an "aggravated felony" as defined in section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1988). On the reverse side of his Order to Show Cause the respondent signed a request for redetermination of his custody status by the immigration judge. In a decision dated September 5, 1989, the immigration judge found that the respondent had not been convicted of an aggravated felony and therefore was not barred from release from Service detention under section 242(a)(2) of the Act. He granted the respondent's request for a redetermination hearing. On September 12, 1989, the immigration judge conducted the redetermination hearing and set bond at $5,000, which the respondent posted. This appeal by the Service followed.

The Immigration and Nationality Act was amended by the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4181 (effective Nov. 18, 1988), to include certain provisions relating to aliens convicted of an "aggravated felony."

Section 241(a)(4)(B) of the Act, added by section 7344 of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4470-71, renders deportable an alien who is "convicted of an aggravated felony at any time after entry."

Section 242(a)(2) of the Act, added by section 7343(a) of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4470, states:

> The Attorney General shall take into custody any alien convicted of an aggravated felony upon completion of the alien's sentence for such conviction. Notwithstanding subsection (a),[2] the Attorney General shall not release such felon from custody.

Section 101(a)(43) of the Act, added by section 7342 of the Anti-

---

[2] This reference should be to "paragraph (1)" rather than to "subsection (a)."

Drug Abuse Act of 1988, 102 Stat. at 4469-70, defines the term "aggravated felony" as follows:

> The term "aggravated felony" means murder, any drug trafficking crime as defined in section 924(c)(2) of title 18, United States Code, or any illicit trafficking in any firearms or destructive devices as defined in section 921 of such title, or any attempt or conspiracy to commit any such act, committed within the United States.

Title 18 section 924(c)(2) of the United States Code as amended by section 6212 of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4360, defines the term "drug trafficking crime":

> For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.).

Thus, with respect to drug-related offenses, an "aggravated felony" is "any drug trafficking crime," i.e., "any felony punishable under" the three statutes enumerated in 18 U.S.C. § 924(c)(2) (1988).[3]

On appeal the Service contends that the definition of "drug trafficking crime" in 18 U.S.C. § 924(c)(2) encompasses state as well as federal crimes. The Service argues that a state law conviction is "punishable" within the meaning of 18 U.S.C. § 924(c)(2), provided "the elements of the crime resulting in the conviction in state court would have rendered the defendant capable or liable to punishment under one of the three statutes enumerated" in section 924(c)(2). Specifically, the Service contends that the elements of the respondent's state law convictions for "possession of a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to manufacture, distribute, or dispense" in violation of article 27, section 286 of the Annotated Code of Maryland satisfy the elements for a conviction under 21 U.S.C. § 841(a)(1) (1988) of the Controlled Substances Act and are therefore "aggravated felonies."[4] Accordingly, the Service contends, the immigration judge

---

[3] For further amendments of the Immigration and Nationality Act by the Anti-Drug Abuse Act of 1988 concerning the term "aggravated felony" see 2 C. Gordon & S. Mailman, *Immigration Law and Procedure* § 4.17, at 4-156.1 (rev. ed 1989).

[4] The Service does not allege that the respondent's convictions for possession of a controlled substance and possession with intent to use drug paraphernalia to contain a controlled substance under article 27, sections 287 and 287A, of the Annotated Code of Maryland are aggravated felonies.

Title 21 section 841(a)(1) of the United States Code provides in part:

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance ....

erred in finding the respondent eligible for release from Service custody under section 242(a)(2) of the Act.[5]

In all cases involving statutory construction, the starting point must be the language employed by Congress, and it is assumed that the legislative purpose is expressed by the ordinary meaning of the words used. *INS v. Cardoza-Fonseca*, 480 U.S 421, 431 (1987); *INS v. Phinpathya*, 464 U.S. 183, 189 (1984).[6]

The resolution of the question whether state crimes are included in the definition of "drug trafficking crime" depends on whether the phrase "punishable under" is properly read as limiting the definition to "convictions under" the federal laws listed in 18 U.S.C. § 924(c)(2), or whether the definition is satisfied by proving a conviction that includes all the elements of an offense for which an alien "could be convicted and punished" under the cited federal laws.

We find no prior conviction requirement in the term "punishable under" in 18 U.S.C. § 924(c)(2). To the contrary, Congress's choice of the term "punishable under" plainly avoids such a narrow interpretation.

In a 1985 case, *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, the Supreme Court interpreted the term "punishable under" in a statutory scheme similar to the one before us. The Racketeer Influenced and Corrupt Organizations statute ("RICO"), enacted as Title IX of the Organized Crime Control Act of 1970, Pub. L. No. 91-452, § 901(a), 84 Stat. 922, 941-48, codified at 18 U.S.C. § 1961-1968 (1982), defines "racketeering activity" to mean, in part, "any offense involving ... the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in narcotic or other dangerous drugs, *punishable under* any law of the United States." 18 U.S.C. § 1961(1)(D) (emphasis added). At issue in *Sedima* was whether a civil action to recover treble damages under 18 U.S.C. § 1964(c) could proceed only against a defendant who had *already been convicted* of a predicate act of racketeering activity or a RICO

---

[5]It is unclear from the Service's Notice of Appeal to the Board of Immigration Appeals (Form EOIR-26) and brief on appeal whether, in addition to the bond appeal, the Service is attempting to challenge the immigration judge's preliminary finding in deportation proceedings with respect to the respondent's deportability under section 241(a)(4)(B) of the Act. The Service states in its Notice of Appeal and brief that the immigration judge erred in finding that the respondent was not convicted of an aggravated felony "under section 241(a)(4)(B) of the Act." Regardless, an appeal concerning the deportation charge at present would be interlocutory in nature and will not be addressed. *See Matter of Ruiz-Campuzano*, 17 I&N Dec. 108 (BIA 1979); *Matter of Ku*, 15 I&N Dec. 712 (BIA 1976); *Matter of Sacco*, 15 I&N Dec. 109 (BIA 1974). Section 241(a)(4)(B) of the Act is not directly in issue in this appeal.

[6]The Anti-Drug Abuse Act of 1988 was submitted without a Senate or House Report. *See* 1988 U.S.C.C.A.N. 5937.

violation. In reversing the United States Court of Appeals for the Second Circuit, the Supreme Court found no prior conviction requirement in the definition of "racketeering activity." The Court stated:

> The language of RICO gives no obvious indication that a civil action can proceed only after a criminal conviction. The word "conviction" does not appear in any relevant portion of the statute. To the contrary, the predicate acts involve conduct that is "chargeable" or "indictable," and "offense[s]" that are "punishable," under various criminal statutes. As defined in the statute, racketeering activity consists not of acts for which the defendant has been convicted, but of acts for which he could be.

*Sedima, S.P.R.L. v. Imrex Co., Inc., supra*, at 488 (citations omitted).

In sum, the Supreme Court in *Sedima* determined that the phrase "punishable under any law of the United States" did not mean "convicted under" these laws but instead referred to conduct for which one "could be convicted" under these laws. Similarly, we do not limit the phrase "punishable under" to mean "convicted under" the enumerated statutes in 18 U.S.C. § 924(c)(2) in the case before us. If Congress had wanted only convictions under the cited federal statutes to serve as aggravated felonies with respect to drug offenses, it could have said so quite simply. Instead Congress referred to felonies "punishable under" not "convictions obtained under" those statutes. As such, we find that the definition of "drug trafficking crime" at 18 U.S.C. § 924(c)(2), as incorporated into the Immigration and Nationality Act by section 101(a)(43) of the Act, includes a state conviction sufficiently analogous to a felony offense under the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act.

This more expansive reading of the phrase "punishable under" is consistent with the spirit and purpose of the Anti-Drug Abuse Act of 1988. This act is one of several comprehensive pieces of legislation in recent years designed to stiffen the penalties for drug-related offenses "in an effort to combat a national drug problem of epidemic proportion." *United States v. Property Known as 6109 Grubb Road*, 890 F.2d 659, 665 (3d Cir. 1989) (Greenberg, J., dissenting). In these acts "Congress has sent out a clear message that narcotics offenses are to be dealt with harshly." *Id.* In the federally controlled area of regulating the conduct of aliens in the United States, it is unreasonable to assume that Congress, in choosing the definition of "drug trafficking crime" at 18 U.S.C. § 924(c)(2), sought to differentiate between aliens convicted of similar drug-related offenses on the basis of whether the conviction was accomplished under state or federal law.

Inclusion of state crimes in the definition of "drug trafficking crime" is also consistent with the Immigration and Nationality Act read as a whole. Congress chose to append the new ground of

deportability relating to aggravated felons to section 241(a)(4) of the Act which has always been read to include state crimes. Absent a clear intent to depart from the prior undisputed inclusion of state crimes under section 241(a)(4), we find no reason to believe that Congress, in adding the aggravated felony provision to this section, meant to exclude state drug-related crimes when it chose the definition of "drug trafficking crime" at 18 U.S.C. § 924(c)(2).

Furthermore, the Immigration and Nationality Act generally does not attach different treatment to state and federal drug offenses with respect to excludability, deportability, or the negative effect of a drug conviction on various forms of relief from exclusion or deportation. *See* sections 212(a)(23) and 241(a)(11) of the Act, 8 U.S.C. §§ 1182(a)(23) and 1251(a)(11) (1988); *Matter of Hernandez-Ponce*, 19 I&N Dec. 613 (BIA 1988). Limiting the definition of "aggravated felony" to certain federal drug-related offenses would discriminate between state and federal drug crimes for the purpose of bond, deportability, and voluntary departure in a way previously unknown in the Act.[7]

We also find merit to the Service's argument that limiting the definition of "drug trafficking crime" to convictions under the cited federal statutes would render largely meaningless, as far as state involvement, section 242A(a) of the Act, 8 U.S.C. § 1252a(a) (1988), relating to special deportation proceedings for aliens convicted of aggravated felonies, and section 242(a)(3)(A), concerning the implementation of a program to train Service officers and to provide federal, state, and local access to the investigative resources of the Service for the purpose of identifying aliens arrested or charged for aggravated felonies.

Section 242A(a) of the Immigration and Nationality Act, added by section 7347(a) of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4471, states in part:

> The Attorney General shall provide for the availability of special deportation proceedings at certain Federal, State, and local correctional facilities for aliens convicted of aggravated felonies . . . .

---

[7] As noted by the Service, one result of reading the definition "drug trafficking crime," and therefore of "aggravated felony," as excluding application to state drug-related crimes is that aliens convicted of drug-related offenses under state law might be eligible for voluntary departure while aliens convicted of offenses under the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act would be ineligible. Section 244(e)(2) of the Act, 8 U.S.C. § 1254(e)(2) (1988), added by section 7343(b)(2) of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4470, provides that "[t]he authority contained in paragraph (1) [relating to voluntary departure] shall not apply to any alien who is deportable because of a conviction for an aggravated felony."

Section 242(a)(3)(A) of the Immigration and Nationality Act, added by section 7343(a) of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4470, states in part:

The Attorney General shall devise and implement a system—

(i) to make available, daily (on a 24-hour basis), to Federal, State, and local authorities the investigative resources of the Service to determine whether individuals arrested by such authorities for aggravated felonies are aliens;

(ii) to designate and train officers and employees of the Service within each district to serve as a liaison to Federal, State, and local law enforcement and correctional agencies and courts with respect to the arrest, conviction, and release of any alien charged with an aggravated felony ....

In the context of an "Anti-Drug Abuse" Act, the principal purpose of which is to "prevent the manufacturing, distribution, and use of illegal drugs," we are unpersuaded that Congress did not intend the state and local involvement of these provisions to extend to state drug offenses.

Finally, we note that while analogizing state drug trafficking provisions to the federal acts listed in 18 U.S.C. § 924(c)(2) is not unproblematic, a similar objection raised by the lower court in *Sedima* was rejected by the Supreme Court. *See Sedima, S.P.R.L. v. Imrex Co., Inc., supra,* at 490 (Supreme Court stating that the lower court "was of the view that its narrow construction of the statute was essential to avoid intolerable practical consequences"). Indeed, the "practical consequences" here are less problematic than those contemplated in *Sedima*. In the aggravated felony cases there is at least a state conviction. The aggravated felony bond provision at section 242(a)(2) of the Act and the aggravated felony ground of deportation at section 241(a)(4)(B) both refer to aliens "convicted of an aggravated felony." The anticipated analogy between state statutes and offenses under the cited federal statutes will thus be a matter of law. In the "RICO" scheme at issue in *Sedima*, no prior conviction of any type is required of the predicate offense, and a court can therefore be called to weigh the facts to determine whether the conduct amounts to an "offense" "punishable under" any law of the United States. Accordingly, the type of analysis to be performed in determining whether a state drug-related crime is a "drug trafficking crime" is considerably less involved than the type of analysis approved by the Court in *Sedima*. Moreover, there is already a precedent in immigration proceedings similar to the type of analogy called for here. *Matter of McNaughton,* 16 I&N Dec. 569, 572 (BIA 1978) (analysis to determine whether foreign conviction is for conduct considered criminal under United States law).

We conclude that the definition of "drug trafficking crime" for purposes of determining drug-related "aggravated felonies" within the

177

meaning of the Immigration and Nationality Act encompasses state convictions for crimes analogous to offenses under the Controlled Substances Act the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act. We therefore reverse and remand to the immigration judge to determine whether the respondent's conviction for "possession of a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to manufacture, distribute, or dispense, a controlled dangerous substance" in violation of article 27, section 286 of the Annotated Code of Maryland includes all the elements necessary for a conviction under 21 U.S.C. § 841(a)(1), as argued by the Service.

**ORDER:** The appeal is sustained, and the record is remanded to the immigration judge for further proceedings consistent with the foregoing decision.

*DISSENTING OPINION:* Fred W. Vacca, Board Member

I respectfully dissent.

I believe that the majority interpretation including state convictions within the scope of the term "drug trafficking crime" at 18 U.S.C. § 924(c)(2) (1988), and therefore within the term "aggravated felony" as defined in section 101(a)(43) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43) (1988), is unwarranted based on the language of the statute and its context.

The majority correctly states that proper statutory construction must begin with the words used by Congress. *INS v. Cardoza-Fonseca,* 480 U.S 421, 431 (1987); *INS v. Phinpathya,* 464 U.S. 183, 189 (1984). However, I cannot find that this first step has been satisfied by the majority's reliance on *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479 (1985). *Sedima* does not involve 18 U.S.C. § 924(c)(2) or the Immigration and Nationality Act. Nor is the language in the "RICO" provision quoted in part by the majority, 18 U.S.C. § 1961(1)(D) (1982), identical to the language of 18 U.S.C. § 924(c)(2) at issue in the case before us. *See* The Racketeer Influenced and Corrupt Organizations statute ("RICO"), enacted as Title IX of the Organized Crime Control Act of 1970, Pub. L. No. 91-452, § 901(a), 84 Stat. 922, 941-48, codified at 18 U.S.C. § 1961-1968 (1982); *Sedima, S.P.R.L. v. Imrex Co., Inc., supra,* at 482 n.3. The key word for the court of appeals and the Supreme Court in the "RICO" phrase quoted by the majority was "offense," not the phrase "punishable under." *See Sedima, S.P.R L. v. Imrex Co., Inc.,* 741 F.2d 482, 486 (1984). Title 18 section 924(c)(2) of the United States Code does not speak of an "offense," but of "any felony" punishable under the designated federal statutes. The court in *Sedima* did not directly analyze the meaning of

the phrase "any felony punishable under" or even of the phrase "punishable under." The Court's interpretation of the statutes before it, and its implication for the phrase "punishable under" in 18 U.S.C. § 1961, was as much based on the meaning of the word "violation" in 18 U.S.C. § 1964(c), as on the presence of the words "chargeable" and "indictable" in 18 U.S.C. § 1961(1), and on pertinent legislative history, none of which is present here. In sum, reference to *Sedima* in no way disposes of the requirement to examine the language of the statute at issue before us. Absent that examination, the majority's further arguments based on the reasonableness of their interpretation of the definition of "drug trafficking crime" at 18 U.S.C. § 924(c)(2) are without weight.

In turning to the language at 18 U.S.C. § 924(c)(2), one notes that there is no reference to state law, and the only statutes enumerated are federal. Thus, the Service's claim that the definition of "drug trafficking crime" refers to state as well as federal law is based on the "plain meaning" of the phrase "any felony punishable under." Citing *Black's Law Dictionary*, the Service states that "any felony punishable" in section 924(c)(2) is any felony "'capable' or 'liable' of being punished under" the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act. *Black's Law Dictionary* 1110 (5th ed. 1979). The Service concludes that a state law conviction is "punishable" within the meaning of 18 U.S.C. § 924(c)(2) provided "the elements of the crime resulting in the conviction in state court would have rendered the defendant capable or liable to punishment under one of the three statutes enumerated" in section 924(c)(2). Specifically, the Service contends that the elements of the respondent's state law convictions under article 27, section 286 of the Annotated Code of Maryland satisfy the elements for a conviction under 21 U.S.C. § 841(a)(1) (1988) of the Controlled Substances Act. Therefore, the Service concludes, the respondent has been convicted of an "aggravated felony" and is ineligible to be released from custody under section 242(a)(2) of the Act, 8 U.S.C. § 1252(a)(2) (1988).

The Service reads too much into the "plain meaning" of the word "punishable." Using the reference cited by the Service, *Black's Law Dictionary*, one finds the word "punishment" defined as

[a]ny fine, penalty, or confinement inflicted upon a person by the authority of the law and the judgment and sentence of a court, for some crime or offense committed by him, or for his omission of a duty enjoined by law.

*Black's Law Dictionary, supra*, at 1110. The term "punishable" simply refers to the offense which "may be punished" or the offender who is "liable to punishment" by the judgment and sentence of the court. *See*

179

*People v. Superior Court of the City and County of San Francisco*, 116 Cal. App. 412, 414, 2 P.2d 843, 844 (1931), and cases cited therein; *Black's Law Dictionary, supra*, at 1110.

Based on these definitions, the use of "punishable" in 18 U.S.C. § 924(c)(2) is subject to a much more direct interpretation than that suggested by the Service: Those subject to imposition of "any fine, penalty, or imprisonment" under an act enumerated in section 924(c)(2) are those convicted under that act. The respondent has not been charged or convicted under any of the three acts listed in section 924(c)(2). The Service contends that the respondent's state court conviction should be deemed "punishable under" 21 U.S.C. § 841(a)(1) (Controlled Substances Act). The respondent has not been convicted under section 841(a)(1) and is therefore not subject to the attendant penalties under section 841(b).[1] The comparison between state and federal law urged by the Service is not indicated by the plain meaning of the phrase "any felony punishable under" in 18 U.S.C. § 924(c)(2).

Moreover, even if it were determined that the use of "punishable under" in 18 U.S.C. § 924(c)(2) is ambiguous, such ambiguity in a criminal provision such as 18 U.S.C. § 924(c)(2) must be strictly construed against the Government. *See Bell v. United States*, 349 U.S. 81, 83 (1955); *United States v. Cruz*, 805 F.2d 1464, 1473-74 (11th Cir. 1986); *United States v. One Heckler-Koch Rifle*, 629 F.2d 1250 (7th Cir. 1980). A longstanding parallel provision exists in deportation proceedings concerning construing ambiguities in deportation statutes in favor of the alien. *See INS v. Cardoza-Fonseca, supra*, at 449; *INS v. Errico*, 385 U.S. 214, 225 (1966); *Costello v. INS*, 376 U.S. 120, 128 (1964).

The majority opinion also ignores the statutory context of 18 U.S.C. § 924(c)(2). Section 924(c)(2) was originally designed to serve as a definition for "drug trafficking crime" only in conjunction with 18 U.S.C. § 924(c)(1). Section 924(c)(1) is an enhanced penalty provision for "crimes of violence" and "drug trafficking crimes" committed with the use of a firearm. Section 924(c)(1) reads:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years ....

Thus, the term "drug trafficking crime" comes to the Immigration and Nationality Act, by reference in section 101(a)(43) of the Act, with

---

[1] A prior state law conviction may render a defendant subject to stricter penalties under the second offender provisions of 21 U.S.C. § 841(b). Of course, application of these second offender provisions still requires a conviction under section 841(a).

its own history and in an amended form presumably responsive to that history.

Section 924(c)(1) suggests that the term "punishable under" in section 924(c)(2) may be read as referring to the potential for conviction under the three federal acts listed in 924(c)(2), and not simply the potential for imposition of a fine, penalty, or imprisonment following conviction as is suggested by reliance solely on the plain meaning of the word "punishable." Section 924(c)(1) applies to "[w]hoever, during and in relation to any ... drug trafficking crime ... *for which he may be prosecuted* in a court of the United States ...." (Emphasis added.) The phrase "may be prosecuted" plainly indicates a stage prior to conviction. *Cf. United States v. James*, 834 F.2d 92 (4th Cir. 1987) (defendant charged under section 924(c)(1) at the same time he is charged with the predicate drug trafficking offense).

Technically, federal prosecution could be brought under one of the three federal acts listed in section 924(c)(2) based on conduct for which an individual was convicted under state law. The double jeopardy clause prohibits only successive prosecutions by the same "sovereign." *Health v. Alabama*, 474 U.S. 82 (1985); *United States v. Wheeler*, 435 U.S. 313 (1978); *Bartkus v. Illinois*, 359 U.S. 121 (1959). However, the question remains whether a state court conviction alone is sufficient to render the offense "punishable under" the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act within the meaning of section 924(c)(2). I find that it is not.

A federal prosecution for the felony offenses at stake in section 924(c)(2) requires a grand jury indictment. The fifth amendment to the United States Constitution requires that all prosecutions for infamous federal crimes (i.e., federal offenses carrying a term of imprisonment in excess of 1 year), unlike state crimes, be commenced by grand jury indictment. U.S. Const. amend. V; *Branzburg v. Hayes*, 408 U.S. 665, 687-88 (1972); Fed. R. Crim. P. 7(a).[2] I find no support for the proposition that sections 924(c)(1) and (2) address prosecutions for offenses subject to possible conviction under the three acts enumerated in 924(c)(2) where federal proceedings have not even commenced.

I reemphasize that section 924(c)(2) does not mention state crimes.

---

[2] A conviction for unlawful possession of phencyclidine with intent to manufacture, distribute, or dispense under 21 U.S.C. § 841(a)(1) (Controlled Substances Act)—the provision argued by the Service to be analogous to the respondent's convictions under article 27, section 286 of the Annotated Maryland Code—is punishable under section 841(b)(1)(D) by a term of imprisonment of not more than 5 years. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(D).

A review of the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4181 (effective Nov. 18, 1988), evidences that where Congress intended to refer to state crimes it did so explicitly. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *INS v. Cardoza-Fonseca, supra,* at 432 (quoting *Russello v. United States,* 464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo,* 472 F.2d 720, 722 (5th Cir. 1972)). One example is section 6211 of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4359, which amends subsection (f) of 18 U.S.C. § 924, the section in issue before us. Section 924(f) was amended to read:

> (f) Whoever, with the intent to engage in conduct which ...
>
> (2) is *punishable* under the Controlled Substances Act (21 U.S.C. 802 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.),
>
> (3) *violates any State law* relating to any controlled substance (as defined in section 102(6) of the Controlled Substances Act (21 U.S.C. 802(6))) ...
>
> travels from any State or foreign country into any other State and acquires, transfers, or attempts to acquire or transfer, a firearm in such other State in furtherance of such purpose, shall be imprisoned not more than 10 years, fined in accordance with this title, or both.

(Emphasis added.); *see also* Anti-Drug Abuse Act of 1988, § 4603, 102 Stat. at 4288 ("Denial of Passports to Certain Convicted Drug Traffickers").

Furthermore, in considering the language of 18 U.S.C. § 924(c)(2) prior to the 1988 amendment, I do not find that the purpose of including the phrase "any felony punishable under" was to indicate application to state drug-related convictions. Prior to amendment by the Anti-Drug Abuse Act of 1988, 18 U.S.C. § 924(c)(2) expressly stated that one element of a "drug trafficking crime" was that it be a "violation of Federal law." The provision read:

> For purposes of this subsection, the term "drug trafficking crime" means any felony violation of Federal law involving the distribution, manufacture, or importation of any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)).

18 U.S.C. § 924(c)(2), as amended by the Firearms Owners' Protection Act, Pub. L. No. 99-308, § 104, 100 Stat. 449, 457 (1986). The Service contends that Congress, in deleting the specific reference to federal law, clearly intended the statute to apply to state law. I find this contention is without merit.

Congress is presumed to know the prior construction of a statute. 1A N. Singer, *Sutherland Statutory Construction* §§ 22.33, 22.35 (4th ed. 1985); *Matter of Castro,* 19 I&N Dec. 692, at 695 (BIA 1988). By

changing the statutory language of 18 U.S.C. § 924(c)(2) Congress must have intended a different result. I find that the language merely altered the method of defining which federal crimes are drug trafficking crimes and does not expand the definition to include state offenses.

Under section 924(c)(2) prior to the 1988 amendment, a drug trafficking crime was described as an offense which met four general conditions: it was (1) a felony (2) violation of federal law (3) "involving the distribution, manufacture, or importation" of (4) any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)). This definition left to the courts to determine which crimes were crimes "involving the distribution, manufacture, or importation" of a controlled substance. *See, e.g., United States v. Henry,* 878 F.2d 937, 943 (6th Cir. 1989); *United States v. Torres,* 862 F.2d 1025, 1030 (3d Cir. 1988); *United States v. Robinson,* 857 F.2d 1006, 1010 (5th Cir. 1988); *United States v. Matra,* 841 F.2d 837, 843 (8th Cir. 1988); *United States v. James, supra,* at 93.

Instead of attempting to broadly describe the types of federal offenses to be considered drug trafficking crimes, the amended statute designates those offenses as the crimes currently punished under the Controlled Substances Act, the Controlled Substances Import and Export Act, and the Maritime Drug Law Enforcement Act. *See United States v. Henry, supra,* at 943 & n.4. As these acts are federal, the need for a specific statement defining drug trafficking crimes as violations of federal law is unnecessary.

Therefore, I conclude based on the language employed by Congress in 18 U.S.C. § 924(c)(2), and the statutory context of that provision, that a state court conviction for a drug-related offense does not bring that offense within the definition of "drug trafficking crime" in 18 U.S.C. § 924(c)(2).

The Service argues that this interpretation would bring absurd results and render void other parts of the Immigration and Nationality Act. These contentions need be addressed only briefly.

The Service contends that this conclusion nullifies the references to state law in sections 242A(a) and 242(a)(3)(A) of the Act. The Service's contention fails to consider that aggravated felonies include more than just drug trafficking crimes. Murder, for example, is an aggravated felony under section 101(a)(43) of the Act. Section 101(a)(43) does not limit "murder" to an offense under federal law. The references to state law in sections 242A(a) and 242(a)(3)(A) of the Act are not nullified in that they continue to operate with respect to aliens who have been convicted of murder under state law.

The Service also contends that one result of this interpretation is that aliens convicted of drug-related offenses under state law might be

eligible for voluntary departure while aliens convicted of offenses under the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act would be ineligible. I can only conclude that Congress approved this result where the language employed in 18 U.S.C. § 924(c)(2) and its statutory context establishes that a state conviction for a drug-related offense is not encompassed by the definition of "drug trafficking crime." Furthermore, this result would occur only in exceptional circumstances. Voluntary departure is ordinarily unavailable to any alien who is within the provision of section 241(a)(11) because of his conviction for a drug-related offense. *See* section 244(e)(1) of the Act, 8 U.S.C. § 1254(e)(1) (1988). Thus, the distinction urged by the Service is largely irrelevant.

As I find that the respondent's state court convictions under article 27, section 286 of the Annotated Maryland Code are not drug trafficking crimes as defined in 18 U.S.C. § 924(c)(2), I conclude they are not aggravated felonies within the meaning of section 101(a)(43) of the Immigration and Nationality Act. Therefore, the immigration judge did not err under section 242(a)(2) of the Act in granting the respondent's request for a redetermination hearing. Accordingly, I would dismiss the appeal.

*DISSENTING OPINION*: Michael J. Heilman, Board Member

I concur in the foregoing dissent.