**ALAMO WATER TRANSPORTATION COMPANY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25762.**

United States Court of Appeals
Fifth Circuit.
Nov. 22, 1968.

---

the government, found that the buoy had been made worthless. On this appeal the only complaint relates to the admissibility or effect of an exhibit, Exhibit 11, being the report of a Coast Guard Board of Survey recording that in its opinion the buoy was "beyond economical repair * * * [and should be] sold as scrap." The buoy, after the usual public advertising, was in fact sold as scrap, the only bid received being in the amount of $1. The government asserts, correctly, that appellant failed to object to the admissibility of this exhibit.

Appellant contends here that Exhibit 11 should not have been admitted, not being a business or government record, but merely an expression of opinion.[1] In its reply brief, with regard to the government's claim that the point is raised too late because of appellant's failure to object at trial, appellant states the following.

"[T]he record shows not only that it [the admission] was objected to in the District Court (155–156), but also that briefs were submitted on the question before the District Court rendered its decision (187–204—note particularly pp. 188–198)."

However, when we turn to the record we find quite a different story. When Exhibit 11 was offered appellant's counsel stated, "We have no objection to the exhibit." The court, "Admitted." (R. 99). On the pages now referred to by appellant it took the position not that the exhibit was improperly admitted, but that it did not constitute "any evidence," (R. 155–56), and again, "The document [Exh. 11], of course, was admissible under 28 U.S.C. §§ 1732 and 1733." (R. 188). Appellant's statement that it objected to the admission is contrary to the fact.

---

James E. Ross, Blades, Crain, Slator, Winters & Ross, Houston, Tex., for appellant; Alfred L. Deaton III, Houston, Tex., of counsel.

James R. Gough, Jack Shepherd, Asst. U. S. Attys., Morton L. Susman, U. S. Atty., Houston, Tex., for appellee.

Before ALDRICH*, GODBOLD and DYER, Circuit Judges.

ALDRICH, Circuit Judge:

This is an action by the United States brought under 33 U.S.C. § 408 to recover damages caused by the respondent's barge's overriding a navigational aid, a lighted buoy in the Texas City Channel. The district court, United States v. Tug Otto, 296 F.Supp. 1130, in finding for

---

* Of the First Circuit sitting by designation.

1. Appellant also claims that "[s]ince the Government does not contend that the * * * admission of opinion evidence under the Government Records Act was correct * * *" but only that it was not objected to, we should not reach the merits. We do not reach the merits, but not for this erroneous reason. Half of the government's brief deals with the merits, introduced by this sentence. "Even if an objection had been made, the exhibit was properly admitted."

**56**

Appellant's alternative claim is that the exhibit, while technically admissible, was so questionable because of double hearsay and opinion problems as to be of no probative value. This contention was raised at trial by brief. We need not decide whether such arguments were waived, not having been made by way of objecting to admissibility. There appears no reason to believe that the trial judge gave the opinion of the Coast Guard Board of Survey any more weight than was due to an admittedly valid report of an expert governmental body performing its normal business function. Cf. Thomas v. Hogan, 4 Cir., 1962, 308 F.2d 355, 360. Appellant is, of course, in error in suggesting that the report was the only evidence supporting the finding that the buoy had been rendered worthless. The court referred to certain other testimony. In addition, the fact that the public offering brought only $1 is probative evidence of itself, unless the court were to find, as to which there was no evidence, that the government failed to meet its notice requirements.

Affirmed.