MATTER OF GONZALEZ

In Deportation Proceedings

A-34297537

*Decided by Board July 26, 1978*

(1) Section 241(f) of the Immigration and Nationality Act, 8 U.S.C. 1251(f), is not effective to relieve from deportation an alien who entered the United States in violation of section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14).

(2) The familial relationship, prerequisite for relief under section 241(f) of the Act, need not exist at the time of the alien's entry for lawful permanent residence.

(3) A native of the Western Hemisphere was not exempt at entry before December 31, 1976, from the labor certification requirements where he acquired the then exempting familial relationship three months *after* entry.

(4) Section 241(f) is not operative where the alien is not "otherwise admissible" at the time of entry for lack of a labor certification and was not exempt therefrom.

(5) Denial of an adjournment so as to allow the adjudication of a spouse visa petition is not an abuse of discretion where the visa petition has not been filed and appears not to be presently approvable on account of a prior undissolved marriage.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(14)—not in possession of valid labor certification nor exempt therefrom

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(19)—secured visa by fraud or misrepresentation of a material fact

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(20)—immigrant not in possession of valid visa or other document in lieu thereof

ON BEHALF OF RESPONDENT: Timothy S. Barker, Esquire
Legal Aid Society of San Diego
1760 Euclid Avenue
San Diego, California 92105

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated June 21, 1977, an immigration judge found the respondent deportable on the charges contained in the Order to Show Cause, but granted him the privilege of departing voluntarily in lieu of deportation. The respondent was found to be ineligible for the relief

564

provided by section 241(f) of the Immigration and Nationality Act, 8 U.S.C. 1251(f). The immigration judge declined to grant a continuance of the proceeding until the pending visa petition in behalf of the respondent is adjudicated by the District Director. The respondent has appealed from the immigration judge's decision with regard to relief under section 241(f). He also alleges that the immigration judge's refusal to grant a continuance was an abuse of discretion. The appeal will be dismissed.

The respondent is a 35-year-old native and citizen of Mexico. He married a Mexican national, Francisca Serrano-Hernandez, in April, 1967. Four children were born of this marriage. Without having obtained a divorce from his Mexican wife, the respondent married Olivia Garza, a United States citizen, on September 29, 1973. Based on this second marriage, the respondent applied to the American consul in Guadalajara, Mexico, for an immigrant visa in 1974. The respondent deliberately misinformed the American consul by telling him that he had no prior marriages. At the deportation hearing the respondent claimed, in extenuation of his misrepresentation, that he believed that his attorney had obtained a divorce for him, but that he had received no divorce document. He testified that he did not learn the truth, namely that there was no record of his having been divorced, until April, 1977. He then instituted a mutual consent divorce proceeding in Guadalajara (Ex. 4). At the time of the immigration judge's decision, no divorce decree had been obtained. Nor has such a decree been submitted to us on appeal.

On May 1, 1977, the respondent and Olivia Garza went through a church marriage ceremony in San Diego. It is not clear what legal effect this had, since the respondent apparently had not yet obtained a divorce from his Mexican wife.

Based on his misrepresentation to the American consul, the respondent was admitted to the United States as a permanent resident on March 22, 1974. About three months later, on June 26, 1974, the respondent's United States citizen wife gave birth to a United States citizen child.

The respondent's deportability on the charges contained in the Order to Show Cause was established by clear, convincing, and unequivocal evidence. This is not contested in the respondent's appellate brief.

The respondent contends that he is saved from deportation by section 241(f) of the Act. The child born in 1974, issue of the bigamous marriage with Olivia, is legitimate under the law of California, where the child was born and where the respondent has been domiciled. See *Matter of Sandin-Nava*, 14 I. & N. Dec. 88 (BIA 1972). One element of section 241(f) is thus satisfied. The issue is whether section 241(f) was effective to excuse excludability at entry under section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14), along with sections 212(a)(19) and (20), or whether

the respondent was not "otherwise admissible," for lack of a labor certification.

Counsel argues that the respondent is eligible for relief under section 241(f) of the Act despite the fact that, at the time he entered the United States, he was inadmissible under section 212(a)(14), 8 U.S.C. 1182(a)(14), for lack of a labor certification. Counsel points out that the birth of the respondent's United States citizen son, three months after the respondent's entry into the United States, had the effect of exempting him from the labor certification requirement.[1] He urges that it should make no difference whether the exemption from the labor certification requirement existed at the time of the respondent's entry into the United States or whether, as in this case, it arose subsequent to the time of entry. Alternatively, he argues that the section 241(f) waiver should be held to reach excludability under section 212(a)(14) as well as sections 212(a)(19) and 212(a)(20), 8 U.S.C. 1182(a)(19) and (a)(20).

In *Reid* v. *INS*, 420 U.S. 619, 630 (1975), the Supreme Court stated:

> ... Congress, in enacting section 241(f), ... did not intend to arm the dishonest alien seeking admission to our country with a sword by which he could avoid the numerous substantive grounds for exclusion unrelated to fraud, which are set forth in section 212(a) of the Immigration and Nationality Act.

Subsequent to *Reid*, no court has held that the section 241(f) waiver reaches excludability under section 212(a)(14). See *Cacho* v. *INS*, 547 F.2d 1057, 1062 (9 Cir. 1976); *Guel-Parales* v. *INS*, 519 F.2d 1372 (9 Cir. 1975); *Escobar-Ordonez* v. *INS*, 526 F.2d 969 (5 Cir. 1976); *Castro-Guerrero* v. *INS*, 515 F.2d 615 (5 Cir. 1975); *De Leon* v. *INS*, 547 F.2d 142 (2 Cir. 1976); *Pereira-Barreira* v. *INS*, 523 F.2d 503 (2 Cir. 1975). See also *Jolley* v. *INS*, 441 F.2d 1245 (5 Cir. 1971), cert. denied, 404 U.S. 946 (1971); *de Vargas* v. *INS*, 409 F.2d 335 (5 Cir. 1969), cert. denied, 396 U.S. 895 (1969); *Velasquez-Espinosa* v. *INS*, 404 F.2d 544 (9 Cir. 1968). One circuit has left the issue open. *Persaud* v. *INS*, 537 F.2d 776 (3 Cir. 1976).

Section 241(f) provides:

> The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable *at the time of entry* as aliens who have

---

[1] Prior to its recent amendment, section 212(a)(14) of the Act provided, in pertinent part:

"The exclusion of aliens under this paragraph shall apply to special immigrants defined in section 101(a)(27)(A) (other than the parents, spouses, or children of United States citizens or of aliens lawfully admitted to the United States for permanent residence), . . . ."

The effect of this provision was to create an exemption from the labor certification requirement for Western Hemisphere natives who had a child born in the United States. The provision was removed by the Immigration and Nationality Act Amendments of October 20, 1976, Public Law 94-571, 90 Stat. 2703, which became effective on January 1, 1977.

sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible *at the time of entry* who is the spouse, parent, or child of a United States citizen or of an alien lawfully admitted for permanent residence. (Emphasis supplied.)

We stress the importance of the phrase "at the time of entry" which modifies the words "otherwise admissible." [2] There is no reason to read this modifying phrase out of the Act:

[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant. *Market Co.* v. *Hoffman*, 101 U.S. 112, 115–116. See *Jarecki* v. *G. D. Searle & Co.*, 367 U.S. 303, 307–308. [*United States* v. *Campos-Serrano*, 404 U.S. 293, 301, n. 14 (1971).]

It is significant that the various provisions of the Act which authorize *discretionary* relief from deportation have carefully defined limitations. By contrast, the waiver provision of section 241(f) is mandatory and unqualified. If section 241(f) covered aliens who become "otherwise admissible" *after* entry, it would tend to preempt the discretionary relief provisions of the Act, particularly adjustment of status under section 245. It is a well-settled principle of statutory construction that all sections of an act must be reconciled if possible so as to produce a symmetrical whole. *De Leon* v. *INS*, *supra*, at 149; *General Motors Acceptance Corp.* v. *Whisnant*, 387 F.2d 774 (5 Cir. 1968); *Maiatico* v. *United States*, 302 F.2d 880 (D.C. Cir. 1962).

We conclude that section 241(f) of the Act is not effective to relieve from deportation an alien who entered in violation of section 212(a)(14).

Counsel for the respondent also argues that the immigration judge should have granted a continuance until a visa petition in behalf of the respondent could be adjudicated by the District Director, so that the respondent could, upon approval of the visa petition, file an application for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255.[3]

It is obvious that the immigration judge's refusal to grant the requested continuance did not involve any abuse of discretion. See *Matter of Ching*, Interim Decision 2518 (BIA 1976). We need not decide whether, if an application for adjustment of status is properly filed, it should be denied as a matter of discretion in the circumstances of this case.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the immigration judge's order, the

---

[2] It is clear that the phrase "at any time of entry" does not apply to the requirement, also contained in section 241(f), that the alien be the spouse, parent, or child of a United States citizen. See *INS* v. *Errico*, 385 U.S. 214, 217 (1966); *Reid* v. *INS*, *supra*, at 630.

[3] It is not even clear from the record that a visa petition has been filed. The respondent's appellate brief, at p. 2, indicates that a visa petition will be filed after the Mexican divorce decree is issued.

respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; in the event the respondent fails so to depart, the respondent shall be deported as provided in the immigration judge's order.