MATTER OF BOSUEGO

In Deportation Proceedings

A-34162475

*Decided by Board October 5, 1979*
*Decided by Board July 8, 1980*

(1) Inasmuch as an alien who falls within the purview of the first clause of section 212(a)(19) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(19), is permanently ineligible for admission to the United States, she may be found to have been excludable under that section at the time of her latest entry, and to be thereby deportable under section 241(a)(1) of the Act, 8 U.S.C. 1251(a)(1), on the basis of misrepresentations made in connection with an application for a visa for an earlier trip to this country.

(2) The circumstances existing at the time the respondent appeared before the consul control in determining whether her representations on her visa application, admittedly made with knowledge of their falsity, concerned facts material to her eligibility for a visa. *Matter of Avalos Zavala*, 11 I&N Dec. 196 (BIA 1965).

(3) Under *Woodby* v. *INS*, 385 U.S. 276 (1966), the ultimate burden of proving all the facts necessary to sustain a determination of deportability must remain with the Government; the element of materiality is a fact crucial to a finding of deportability bottomed on a section 212(a)(19) charge.

(4) In order to sustain its *Woodby*-imposed burden in the case of an alien not excludable on the true facts, the Service must show that the alien's misrepresentation is material within the meaning of the definition set out by the Attorney General in *Matter of S— and B—C—*, 9 I&N Dec. 436 (A.G. 1961), to wit, it tended to shut off a line of inquiry relevant to the alien's eligibility for a visa which might well have resulted in a proper determination that she be excluded.

(5) The Attorney General assigned the alien the burden of persuasion and proof on the question whether the inquiry cut off by the alien's misrepresentation might have resulted in a proper determination that she be excluded. *Matter of S— and B—C—*, *id.*

(6) Pursuant to the command of *Woodby* v. *INS*, *supra*, only after the Service has shown that facts possibly justifying denial of a visa or admission to the United States would have likely been uncovered and considered but for the misrepresentation is the alien required under *Matter of S— and B—C—*, *supra*, to establish that no proper determination of inadmissibility could have been made.

(7) Where the true facts concealed by the respondent, that she was a college graduate with a sister residing in the United States, would not in and of themselves have barred her admission as a nonimmigrant and where the record contains no additional facts which would have influenced the consul one way or another in determining whether she was inadmissible as a mala fide nonimmigrant or on section 212(a)(19) grounds, the Service failed to establish a factual foundation for a finding that further inquiry

might well have resulted in a proper determination of inadmissibility and the burden accordingly never shifted to the respondent to show that no such finding could have properly been made. *Woodby* v. *INS, supra,* compels conclusion that the Service's case is insufficient to sustain a determination of deportability for failure to establish the materiality of the respondent's misrepresentations.

CHARGES:
Order: Act of 1952—Sec. 241(a)(1), I&N Act [8 U.S.C. 1251(a)(1))]—Secured visa by fraud or misrepresentation of material fact
Sec. 241(a)(1), I&N Act [8 U.S.C. 1251(a)(1))]—Immigrant without valid visa

## BEFORE THE BOARD
(October 5, 1979)

ON BEHALF OF RESPONDENT:
Lyn I. Goldberg, Esquire
3067 Fifth Avenue
San Diego, California 92103

ON BEHALF OF SERVICE:
Patrick T. McDermott
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated June 16, 1977, an immigration judge found the respondent deportable as charged pursuant to section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(1), as an alien excludable at entry under section 212(a)(19) of the Act, 8 U.S.C. 1182(a)(19), for having procured a visa by willfully misrepresenting material facts.[1] He further found that relief under section 241(f) of the Act, 8 U.S.C. 1251(f), is not available to the respondent. The immigration judge certified his decision to the Board for review pursuant to 8 C.F.R. 3.1(c). The proceedings will be terminated.

The respondent is a 41-year-old female alien, a native and citizen of the Philippines. The record reflects that she entered the United States in December of 1967 in possession of a C-1 nonimmigrant transit visa. She remained longer than authorized. At a deportation hearing held in March of 1970, an immigration judge found the respondent deportable as an overstay pursuant to section 241(a)(2) of the Act, 8 U.S.C.

---

[1] The immigration judge erroneously concluded that a charge of deportability predicated upon excludability at entry under section 212(a)(20) of the Act, 8 U.S.C. 1182(a)(20), for lack of a valid immigrant visa, could not be sustained where brought simultaneously with another charge of excludability under section 212(a) which is based upon the same conduct. *See Cacho* v. *INS,* 547 F.2d 1057 (9 Cir. 1976); *Persaud* v. *INS,* 537 F.2d 776 (3 Cir. 1976); *Matter of Da Lomba,* 16 I&N Dec. 616 (BIA 1978); *Matter of Gonzalez,* 16 I&N Dec. 564 (BIA 1978), *aff'd sub nom. Gonzalez-Morquecho* v. *INS,* 605 F.2d 562 (9 Cir. 1979); *Matter of Martinez-Lopez,* 10 I&N Dec. 409, 424 (BIA 1962; A.G. 1964).

1251(a)(2), but granted her 30 days within which to voluntarily depart the United States in lieu of deportation. She apparently left this country within the allotted time.

In January of 1972, the respondent was married in the Philippines to a United States citizen who is a native and resident of the Philippines. She was thereafter issued an immigrant visa predicated upon her status as an immediate relative of a United States citizen and she entered the United States with that visa in late December 1972.

At these deportation proceedings, conducted in May of 1977, the Service introduced into evidence sworn statements of the respondent, executed on November 24, 1969, and on August 23, 1976, in which she admitted that she had misrepresented certain facts to United States consular officials on two separate occasions. According to her affidavits, the respondent informed the consul at the time she applied for her nonimmigrant transit visa in 1967 that she had no close family ties in the United States and that she had not yet completed her college education when she in fact had a sister residing in this country and had already received her college degree. When she applied for her immigrant visa in 1972, she deliberately concealed her prior residence in this country from 1967 to 1970. The respondent testified at the hearing to the truth and accuracy of those statements (Tr. pp. 10, 12). The Government thereupon rested its case as to deportability (Tr. p. 13).

The immigration judge found that the respondent's misrepresentations in applying for her immigrant visa in 1972 were not material and therefore could not serve as the basis of a finding of deportability. However, he found that the respondent was excludable under section 212(a)(19) at the time of her entry as an immigrant in 1972, and is thereby deportable under section 241(a)(1) of the Act, on the basis of her 1967 statements to the consul.[2] The question before us, then, is whether the Government has established by the requisite standard of proof that the respondent's statements in connection with her 1967 nonimmigrant visa application, admittedly made with knowledge of their falsity, concerned facts material to her eligibility for a visa. We conclude that the Government has not sustained its burden.

The materiality requirement of section 212(a)(19) is satisfied if either (1) the alien is excludable on the true facts or (2) the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he be excluded. *Matter of S— and B—C—*, 9 I&N

---

[2] An alien who falls within the purview of the first clause of section 212(a)(19) as one who "... seeks to procure, or has sought to procure, or has procured a visa or other documentation ... by fraud, or by willfully misrepresenting a material fact ..." is permanently ineligible for admission to the United States. *See Matter of Healy and Goodchild*, Interim Decision 2716 (BIA 1979).

Dec. 436 (BIA 1960; A.G. 1961). The circumstances existing at the time the alien appeared before the consul are controlling.

[T]he important factor is how the case would have appeared to the consul had he been in possession of all the facts at the time application was made. If having been in possession of all the facts, it would have appeared probable to the consul that respondent was inadmissible, then concealment of those facts was a material matter. *Matter of Avalos Zavala,* 11 I&N Dec. 196, 199 (BIA 1965).

Had the respondent in the instant case been truthful when she applied for her nonimmigrant transit visa in 1967, the consul would have known that she was then a college graduate who had a sister residing in the United States. The likelihood that knowledge of those facts would have led to a finding that the respondent was inadmissible as a mala fide nonimmigrant or on section 212(a)(19) grounds[3] is, however, undeterminable from the record before us. The record contains no reference whatever to other pertinent factors, such as the presence or absence of family and community ties in the Philippines at the time of application, which would have influenced the consul's determination with respect to the respondent's bona fides as a nonimmigrant. *See* Vol. 9, Foreign Affairs Manual, Part II, 22 C.F.R. 41.25, note 2. No attempt was made by the Service to develop the relevant facts in existence when the respondent presented herself before the consul and, absent any such development, we are unable to evaluate the effect of her misrepresentations upon the consul's decision to issue her nonimmigrant visa.

We obviously do not condone the respondent's repeated, deliberate deceptions in her dealings with officials of the United States Government. However, the burden is on the Government in deportation proceedings to prove each element of the ground of deportability charged by clear, unequivocal, and convincing evidence. *Woodby v.*

---

[3] Of some interest in this regard, although not binding upon the Service, are the pertinent substantive notes of the Department of State Foreign Affairs Manual which serve as official Department guidelines to United States consular officers abroad in determining whether a visa applicant is properly found inadmissible and, hence, ineligible for a visa under section 212(a)(19). The notes provide in part:

In order to sustain a finding of materiality, it must be shown that the information foreclosed by the misrepresentation was of basic significance to the alien's eligibility for a visa. The information concealed by the misrepresentation must, when balanced against all the other information of record, have been controlling or crucial to a final decision of the alien's eligibility to receive a visa. EXAMPLE: If an alien were trying to establish his ties abroad by submitting false evidence of particular employment in an effort to establish his *bona fides* as a nonimmigrant and it appeared that the alien had other ties meriting consideration, the misrepresentation would not be considered to be material unless the consular officer could state categorically that had he known the true state of affairs, no visa could properly have been issued. Vol. 9, Affairs Manual, Part II, 22 C.F.R. 41.91(a)(19), note 6.33.

*INS*, 385 U.S. 276 (1966). In light of our conclusion that the Service has failed to establish the materiality of the respondent's misrepresentations, a showing crucial to a finding of excludability under both section 212(a)(19) and section 212(a)(20) in this case, we have no alternative but to terminate the proceedings. We accordingly need not reach the issue of the respondent's eligibility for relief under section 241(f) of the Act.

ORDER: The deportation proceedings are terminated.

## BEFORE THE BOARD
(July 8, 1980)

ON BEHALF OF RESPONDENT: Lyn I. Goldberg, Esquire
Central Federal Tower
225 Broadway, Suite 1313
San Diego, California 92101

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This case is before us on the motion of the Immigration and Naturalization Service to reconsider our decision dated October 5, 1979, in which we directed termination of the deportation proceedings. The motion for reconsideration will be granted. Upon reconsideration, the deportation proceedings will again be ordered terminated.

In a decision dated June 16, 1977, an immigration judge found the respondent deportable as charged under section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(1), as an alien excludable at entry under section 212(a)(19) of the Act, 8 U.S.C. 1182(a)(19), for having procured a nonimmigrant visa in 1967 by willfully misrepresenting material facts.[1] The misrepresentations consisted of the respondent's statements to the consul that she had no close family ties in the United States and that she had not yet completed her college education when she in fact had a sister residing in this country and had already received her college degree.

On review, we determined that the Service had failed to establish that the misrepresentations at issue, admittedly made with knowledge of their falsity, were material to the respondent's eligibility for a

---

[1] The immigration judge concluded that a subsequent misrepresentation of the respondent, willfully made in connection with an application for an immigrant visa in 1972, was not material and therefore could not serve as a basis of deportability. The Service challenges that finding, as well as our October 1979 decision to terminate proceedings, in its present motion for reconsideration. The Service's objection to the foregoing portion of the immigration judge's decision, a proper subject for appeal or cross appeal, is not timely made.

nonimmigrant visa and we accordingly terminated the deportation proceedings for failure on the part of the Service to sustain its burden of proof under *Woodby* v. *INS*, 385 U.S. 276 (1966). In its motion for reconsideration, the Service contends that our decision in the case is inconsistent with the Attorney General's holding in *Matter of S— and B—C—*, 9 I&N Dec. 436 (A.G. 1961), and is therefore erroneous as a matter of law. We disagree.

In *Matter of S— and B—C—*, *supra*, the Attorney General held that a misrepresentation made in connection with an application for a visa or other documentation, or with entry into the United States, is material for purposes of section 212(a)(19) if either (1) the alien is excludable on the true facts or (2) the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he be excluded. The Attorney General stated that the application of the foregoing test will turn on the answers to three questions, which the Service set forth as follows in its motion:

> First, does the record establish that the alien is excludable on the true facts? If it does, then the misrepresentation was material. If it does not, then the second and third questions must be considered. Second, did the misrepresentation tend to shut off a line of inquiry which is relevant to the alien's eligibility? ... Third, if a relevant line of inquiry has been cut off, might that inquiry have resulted in a proper determination that the alien be excluded? *On this aspect of the question the alien bears the burden of persuasion and proof.* (Emphasis supplied.)

The Service maintains that our October 1979 decision impermissibly placed the burden upon the Service to establish that further inquiry would have resulted in the denial of the respondent's application for a nonimmigrant visa. It submits that the Attorney General assigned the burden of persuasion and proof on that issue to the alien, not to the Service.

The Service inaccurately describes our holding in the case. We observed that had the respondent been truthful when she applied for her nonimmigrant visa, the consul would have known that she was then a college graduate who had a sister residing in the United States, facts which the Service concedes would not in and of themselves have barred the respondent's admission as a nonimmigrant. Noting the absence in the record of reference to any other pertinent facts bearing upon the respondent's bona fides as a nonimmigrant,[2] we concluded

---

[2] The record and the Service's moving papers refer to a previous, unsuccessful attempt by the respondent to obtain a nonimmigrant visa. We do not believe it appropriate to consider that factor in light of a stipulation entered into by counsel and the Service at the hearing that any reference to the earlier application be disregarded, an undertaking which, incidentally, foreclosed development of the circumstances surrounding the denial of that application.

that the likelihood that knowledge of the true facts would have led to a finding that the respondent was excludable as a mala fide nonimmigrant or on section 212(a)(19) grounds was simply not determinable from the record before us. We stated:

... No attempt was made by the Service to develop the relevant facts in existence when the respondent presented herself before the consul and, absent any such development, we are unable to evaluate the effect of her misrepresentations upon the consul's decision to issue her nonimmigrant visa.

The import of our decision is that the Service erred in failing to show that further inquiry *might* have resulted in a proper denial of the respondent's visa application, not in failing to establish that such inquiry *would* have resulted in the denial of the application. Thus characterized, and for reasons discussed below, we are satisfied that our decision is correct.

The Supreme Court in *Woodby* v. *INS, supra,* concluded that "... it is incumbent upon the Government in [deportation] proceedings to establish the facts supporting deportability by clear, unequivocal, and convincing evidence." 385 U.S. at 277. Under *Woodby,* the ultimate burden of proving all the facts necessary to sustain a determination of deportability must remain with the Service. The element of materiality is a fact crucial to a finding of deportability bottomed on a section 212(a)(19) charge.

In order to sustain its *Woodby*-imposed burden in the case of an alien who is not excludable on the true facts, the Service must show that the alien's misrepresentation is material within the meaning of the definition set out by the Attorney General in *Matter of S— and B—C—, supra,* to wit, that the misrepresentation tended to shut off a line of inquiry relevant to the alien's eligibility which might well have resulted in a proper determination that he be excluded. Only after the Service has shown that facts possibly justifying denial of a visa or admission to the United States would have likely been uncovered and considered but for the misrepresentation is the alien required under *S— and B—C—* to establish that no proper determination of inadmissibility could have been made by the consul or the inspecting immigration officer.

In the instant case, where further inquiry might have led and whether it might have resulted in the proper denial of the visa is purely speculative. Unlike suspected grounds for exclusion which rest upon solid facts, *i.e.,* criminal convictions, membership in proscribed political organizations, etc., excludability as a mala fide nonimmigrant is by nature a subjective determination, but one nonetheless susceptible of review. The present record contains no cognizable facts whatever, apart from the facts actually misrepresented, which would have influenced the consul one way or another in deciding whether to

issue the visa and therefore provides no basis for evaluating whether a proper determination to deny the visa might have been made.[3]

The Service has failed to establish a factual foundation for a finding that further inquiry foreclosed by the respondent's misrepresentations might well have resulted in a proper determination that she be excluded. The burden accordingly never shifted to the respondent to establish that a proper finding of inadmissibility could not have been made. Under the circumstances, *Woodby* requires us to find the Service's case insufficient to sustain a determination of deportability. The proceedings will be terminated.

ORDER: The motion for reconsideration is granted.

FURTHER ORDER: The deportation proceedings are terminated.

---

[3] We recently had occasion to note in a different context that given the serious consequences of a finding of excludability under the first clause of section 212(a)(19), dealing with the procurement of documents, the factual basis of such finding ought to be given close scrutiny, particularly where the alleged fraud or misrepresentation involves a disputed issue as to the alien's subjective intent. *Matter of Healy and Goodchild,* Interim Decision 2716 (BIA 1979).