**Raul SOLIS–MUELA, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 92–9567.

United States Court of Appeals, Tenth Circuit.

Dec. 30, 1993.

Rehearing Denied March 3, 1994.

STEPHEN H. ANDERSON, Circuit Judge.

Raul Solis–Muela petitions for review of a decision of the Board of Immigration Appeals ("BIA") determining that Solis–Muela was deportable under section 241(a)(1) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1251(a)(1). We deny the petition for review and affirm the decision of the BIA.

## BACKGROUND

Solis–Muela, a native and citizen of Mexico, was admitted to the United States in 1987. In 1988, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause ("OSC") charging him with deportability under section 241(a)(1) of the Act on the ground that he was an alien: (1) excludable at the time of entry under section 212(a)(9) of the Act because he had been convicted of a crime involving moral turpitude; and (2) excludable under section 212(a)(19) of the Act because he had procured a visa or other documentation by fraud or misrepresentation of a material fact.

These charges were based on the fact that in 1986, Solis–Muela had been arrested and convicted by a Wyoming state court of disposing of stolen property in violation of Wyo. Stat. § 6–3–403(a). The Wyoming state court imposed the following sentence on Solis–Muela:

> IT IS THE SENTENCE OF THE COURT that the defendant, Raul Solis, be incarcerated in the Wyoming State Penitentiary ... for a period of not less than 1 year nor more than 5 years.... IT IS FURTHER ORDERED that all but 365 days of said sentence are hereby suspended. The defendant shall be incarcerated in the Campbell County Detention Center for a period of 365 days with credit to be given for 107 days already served....
>
> .     .     .     .     .
>
> IT IS FURTHER ORDERED that if the defendant voluntarily submits to deporta-

Submitted on the Briefs: *

Daniel M. Kowalski, Denver, CO, for petitioner.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Robert Kendall, Jr., Asst. Director, and Philemina McNeill Jones, Attorney, Dept. of Justice, Washington, DC, for respondent.

Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the deter-mination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

tion the defendant may be released from the Campbell County Detention Center immediately.

IT IS FURTHER ORDERED that if the defendant is deported the defendant may not return illegally to the United States. *State v. Solis,* Crim. No. 2191 (Dist.Ct.Wyo.), Admin.R. at 93. Solis–Muela elected to voluntarily submit to deportation, and he was immediately released from the county jail after serving 107 days, from where he returned to Mexico.

In March 1987, Solis–Muela applied for admission to the United States as an immigrant and received his immigrant visa. In so doing, he filled out an application for immigrant visa and alien registration, without the assistance of an attorney, in which he indicated he did not belong to any of the classes of aliens who are not admissible into the United States, including those convicted of a crime involving moral turpitude. He testified at his deportation hearing that he did not understand the meaning of the phrase "crime involving moral turpitude." Tr. of Hr'g, Admin.R. at 58. He further testified that when the consular officer asked him if he had been in jail, he stated that he had served 107 days in the county jail, that he did not have a court document with him, but that he did have a police certificate. *Id.* at 58–59. The police certificate which he showed to the officer states:

> There is no record in this department that Raul Solis has ever been handled by reason for any violation or infraction of the law or ordinances of this city or county nor is any civil or criminal action pending against him at this time.

Police Clearance Letter, Admin.R. at 98. However, the following was typed in the lower left corner, beneath the notarization seal: "This person does have an arrest record through our department." *Id.*

Solis–Muela was thereafter issued a "green card" and entered the United States as a lawful resident alien until the OSC was issued in June 1988.

At his deportation hearing, Solis–Muela argued that he was not deportable under either

charge. As to the first charge—having been convicted of a crime involving moral turpitude—he argued that his prior conviction for receiving stolen property fell within the so-called "petty offense" exception to deportability contained in section 212(a)(9). As to the second charge, he argued he did not obtain his visa by fraud or misrepresentation because he told the consular officer that he had been arrested and served 107 days in the county jail and he never attempted to hide the fact of his prior conviction.

After a hearing stretching over several days, an Immigration Judge ("IJ") found him deportable under both sections, and concluded he was ineligible for voluntary departure. The BIA affirmed the decision of the IJ and Solis–Muela filed this petition for review.

## DISCUSSION

### I. "Petty Offense" Exception

Solis–Muela argues the BIA erred in finding him deportable under section 241(a)(1), because his offense fell within the "petty offense" exception to excludability contained in section 212(a)(9), 8 U.S.C. § 1182(a)(9). Under section 212(a) as it was written at the time of Solis–Muela's hearing in July, 1988:

> (a) Except as otherwise provided in this Act, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:
>
> (9) Aliens who have been convicted of a crime involving moral turpitude.... *An alien who would be excludable because of the conviction of an offense for which the sentence actually imposed did not exceed a term of imprisonment in excess of six months ... may be granted a visa and* admitted to the United States if otherwise admissible....

8 U.S.C. § 1182(a)(9).[1] Solis–Muela argues that the "sentence actually imposed" for purposes of the statute was the 107 days he served on the condition that he voluntarily depart the United States, and he therefore qualifies for exception to deportation because that sentence did not exceed six months.

---

1. This provision has since been amended.

The IJ and the BIA rejected that argument. The BIA held that "where the criminal court suspends the imposition of a sentence, no sentence has been actually imposed.... However, where the criminal court imposes a sentence and then suspends the execution of that sentence, the inquiry must focus on the length of the suspended sentence." *In re Solis–Muela*, In Deportation Proceedings at 5 (citing *Matter of Castro*, 1988 WL 235473, 1988 BIA LEXIS 32, 19 I & N Dec. 692 (BIA 1988)). In this case, the BIA concluded that the Wyoming court "convicted the respondent of a crime involving moral turpitude, namely disposing of stolen property, and sentenced him to between one and five years imprisonment but suspended execution of all but one year of his sentence." *In re: Solis–Muela*, In Deportation Proceedings at 6. Thus, the BIA concluded that the " 'sentence actually imposed' in [Solis–Muela's] case was between one and five years imprisonment so that the respondent does not qualify for relief under the exception in section 212(a)(9) of the Act." *Id.* We agree with the BIA.

■ The government in deportation proceedings must establish its allegations by "clear, unequivocal, and convincing evidence." *Woodby v. INS*, 385 U.S. 276, 285, 87 S.Ct. 483, 488, 17 L.Ed.2d 362 (1966). We review the BIA's legal conclusions *de novo. Kapcia v. INS*, 944 F.2d 702, 705 (10th Cir.1991). Factual findings must be supported by substantial evidence. *Rivera–Zurita v. INS*, 946 F.2d 118, 120 (10th Cir.1991). Here, our task is to determine if the BIA correctly determined that Solis–Muela was deportable under a particular statutory provision. As the First Circuit has recently observed:

> If the statutory language makes the intent of Congress clear and unambiguous, we give full effect to that intent; if the statute is "silent or ambiguous with respect to the specific issue," however, we do not simply impose our own construction on the statute, but give due deference to the BIA's interpretation of the INA [Immigration and Nationality Act] unless it is arbitrary, capricious, or manifestly contrary to the statute.

*Mosquera–Perez v. INS*, 3 F.3d 553, 555 (1st Cir.1993) (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984)). Since the exact meaning of the phrase "sentence actually imposed"—i.e., whether it means, as Solis–Muela urges, the time actually served or whether it means, as the BIA found, the sentence imposed, regardless of whether the execution of the sentence is suspended and regardless of actual time served—is ambiguous, we must defer to the BIA's interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Mosquera–Perez*, 3 F.3d at 555.

■ We cannot say that the BIA's interpretation is anything other than sensible and reasonable. It followed its earlier decision, *Matter of Castro*, 1988 WL 235473, 1988 BIA LEXIS 32, 19 I & N Dec. 692 (BIA 1988), in which the BIA reasoned that "when *imposition* of the sentence is *suspended*, no sentence has been actually imposed," whereas "where the *execution* of the sentence is *suspended*, a sentence has actually been imposed, even though probation may also be granted." 1988 WL 235473, 1988 BIA LEXIS 32 at *6–7 (emphasis added). It gave two reasons for that conclusion. First, to hold otherwise would "ignore the plain meaning" of the term "sentence actually imposed." 1988 WL 235473, 1988 BIA LEXIS 32 at *8. Second, the BIA observed that the previous version of the statute defined the "petty offense" exception by reference to the "punishment actually imposed" instead of the "sentence actually imposed." Cases interpreting that previous version had held that no "punishment" was imposed where execution of the sentence was suspended. "By changing the statutory language from 'punishment actually imposed' to 'sentence actually imposed,' Congress must have intended a different result." 1988 WL 235473, 1988 BIA LEXIS 32 at *8–9. Thus, the BIA in *Matter of Castro* held that the defendant did not qualify for the petty offense exception because the sentence imposed was two years, even though "he spent only 23 days in jail." 1988 WL 235473, 1988 BIA LEXIS 32 at *9.

Similarly, in this case the BIA concluded that the transcript of the sentencing proceeding indicated that the court imposed a sentence "for a period of not less than 1 year

nor more than 5 years." In so doing, the BIA noted that the Wyoming court employed the split sentencing provision permitted by Wyoming statute, under which a court may impose a sentence and then suspend its execution.[2] We agree that the Wyoming court did so, and under the BIA's *Matter of Castro* interpretation of the "petty offense" exception, the sentence actually imposed on Solis–Muela was one to five years. We cannot say that the BIA's interpretation in *Matter of Castro,* which it followed in this case, is arbitrary, capricious, or clearly contrary to the statute. We therefore affirm its conclusion that Solis–Muela is deportable under section 241(a)(1) because he was excludable at the time of entry under section 212(a)(9) for having been convicted of a crime involving moral turpitude.[3]

## II. Fraud or Misrepresentation

■ The BIA also affirmed the IJ's conclusion that Solis–Muela was deportable for violating section 212(a)(19) of the Act because he had procured a visa by fraud or misrepresentation of a material fact. Section 212(a)(19) at the time provided for exclusion of:

> Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure, or has sought to procure or has procured, a visa, other documentation, or entry into the United States....

8 U.S.C. § 1182(a)(19). Thus, there must have been a misrepresentation and it must have related to a material fact. The BIA held that Solis–Muela's responses on his visa application and to questioning by the consular officer constituted a misrepresentation concerning his prior conviction. We hold that substantial evidence supports that finding. As the BIA found:

> [W]e, like the immigration judge, find the respondent's answer when asked whether he had ever been "arrested, convicted, or confined in a prison" to be problematic. The respondent answered this question in the affirmative; however, in the space provided for an explanation concerning why he had answered in the affirmative, he merely indicated that he had been arrested. At the deportation hearing, he clarified his interchange with the consular officer by explaining that he had also informed the officer that he had been in prison for 107 days. The respondent, on appeal, emphasizes the fact that he made no effort to hide his conviction. We find, however, that while the respondent may have acknowledged his arrest and imprisonment, his failure to disclose his conviction and the nature of that conviction resulted in a material misrepresentation.

*In re Solis–Muela,* In Deportation Proceedings at 7.

With respect to materiality, the BIA held that the "materiality standard of section 212(a)(19) is satisfied if either (1) the alien is excludable on the true facts or (2) the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he be excluded." *Id.* (citing *Kassab v. INS,* 364 F.2d 806 (6th Cir.1966); *Matter of Ng,* 17 I & N Dec. 536 (BIA 1980); *Matter of Bosuego,* 17 I & N Dec. 125 (BIA 1980)). The Supreme Court has held that, in the context of denaturalization proceedings, the test for materiality is "whether they [the concealment of a material fact or the willful misrepresentation] had a natural tendency to influence the decision of the [INS]." *Kungys v. United States,* 485 U.S. 759, 772, 108 S.Ct. 1537, 1547, 99 L.Ed.2d 839 (1988). At least one circuit court has applied the *Kungys* materiality

---

2. The Wyoming split sentencing statute provides as follows:
   (a) Following a defendant's conviction of, or his plea of guilty to any felony ... the court may impose any sentence of imprisonment authorized by law and ... may in addition provide:
   (i) That the defendant be confined in the county jail for a period of not more than one (1) year; and

(ii) That the execution of the remainder of the sentence be suspended and the defendant placed on probation.
Wyo.Stat. § 7–13–107(a).

3. Solis–Muela does not dispute that his conviction for disposing of stolen property qualifies as a crime involving moral turpitude.

standard to the procurement of a visa by fraud or willful misrepresentation of a material fact. *Kalejs v. INS,* 10 F.3d 441, 445–446 (7th Cir.1993). Regardless of the standard employed, Solis–Muela's misrepresentation as to the facts of his prior conviction was material. Had the consular officer known of Solis–Muela's conviction and sentence, he would have found him excludable under section 212(a)(9). The materiality test is therefore met.

For the foregoing reasons, we DENY the petition for review and AFFIRM the decision of the BIA.