43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 So Yen LEE, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9508.
 United States Court of Appeals, Tenth Circuit.
 Nov. 18, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.[2]
 
 
 1
 Petitioner is a Korean native who entered the United States as the spouse of a student on a nonimmigrant visa in 1986. In 1989, petitioner applied for adjustment of status to permanent resident. Her application was denied by the INS because she failed to reveal on her 1986 application for a nonimmigrant visa the fact that her natural mother resided in the United States. Thereafter, the INS initiated deportation proceedings against petitioner, alleging deportability under 8 U.S.C. 1251(a)(1) as being within a class of aliens excludable at the time of entry, pursuant to 8 U.S.C. 1182(a)(6)(C) (formerly 8 U.S.C. 1182(19)). Section 1182(a)(6)(C) renders excludable from admission into the United States "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or entry into the United States...."
 
 
 2
 The immigration judge entered an order of deportation, finding that petitioner willfully misrepresented a material fact in the procurement of her nonimmigrant visa. The Board of Immigration Appeals (Board) dismissed her appeal, from which action petitioner appeals.
 
 
 3
 In deportation proceedings, the government must establish its allegations by " 'clear, unequivocal, and convincing evidence.' " Solis-Muela v. INS, 13 F.3d 372, 375 (10th Cir.1993)(quoting Woodby v. INS, 385 U.S. 276, 285 (1966)). "We review the BIA's legal conclusions de novo. Factual findings must be supported by substantial evidence." Id. (citations omitted). In this case, we must determine whether the government established by clear, convincing, and unequivocal evidence that petitioner willfully misrepresented a material fact in her application for a nonimmigrant visa.
 
 
 4
 Petitioner argues that the misrepresentation on her visa application was neither willful nor material and that the government failed to satisfy its burden of proving either element by clear, convincing, and unequivocal evidence. Because the materiality issue is dispositive, we do not address petitioner's allegation of lack of proof of willfulness.
 
 
 5
 As this court recognized in Solis-Muela, at least two standards exist for judging materiality. 13 F.3d at 376-77. In discussing the materiality standard to be applied, the Board cited In re Bosuego, 17 I & N Dec. 125 (BIA 1979, 1980). That administrative decision states that an alien's misrepresentation is material if "either (1) the alien is excludable on the true facts or (2) the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he be excluded." Id. at 127. Later in its decision, the Board cited Kungys v. United States, 485 U.S. 759 (1988) in support of its holding that petitioner's misrepresentation was material because "the presence of the respondent's mother in the United States was a factor which might have influenced the consular officer's decision to issue the nonimmigrant visa." R. at 5. Kungys was a denaturalization case and the Court held, in that context, that the test for materiality was "whether they [the concealment of a material fact or the willful misrepresentation] had a natural tendency to influence the decisions of the [INS]." Id. at 772. We noted in Solis-Muela that the Kungys materiality test has been applied in determining the materiality of a misrepresentation in the procurement of a visa by the Seventh Circuit. Solis-Muela, 13 F.3d at 377 (citing Kalejs v. INS, 10 F.3d 441, 445-46 (7th Cir.1993), cert. denied, 114 S.Ct. 1305 (1994)).
 
 
 6
 As in Solis-Muela, it is unnecessary in this case for us to analyze the two materiality tests and determine which test we would apply because, under either test, the government has failed to sustain its burden of proof on the issue of materiality. The government does not argue that petitioner was excludable on the true facts; it argues that the Board correctly held that knowledge of the true facts may have influenced the consular officer's decision to grant a nonimmigrant visa. Based on the record in this case, however, any finding as to "where further inquiry might have led and whether it might have resulted in the proper denial of the visa is purely speculative." Bosuego, 17 I & N Dec. at 131. As in Bosuego, the government "has failed to establish a factual foundation for a finding that further inquiry foreclosed by the respondent's misrepresentations might well have resulted in a proper determination that she be excluded." Id. at 132.
 
 
 7
 There is a complete lack of evidence concerning what effect, if any, knowledge by the consular officer that petitioner's natural mother was residing in the United States might have had on his decision to grant petitioner's visa application and where, given such knowledge, further inquiry might have led. It is incumbent upon the government to prove materiality by clear, unequivocal, and convincing evidence, and speculation by the immigration judge and the Board does not constitute such proof.
 
 
 8
 The petition for review is GRANTED. We VACATE the Board's dismissal and REMAND with instructions to terminate the deportation proceedings.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument