70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Khalid KHATTABI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-9504.
 United States Court of Appeals, Tenth Circuit.
 Nov. 17, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and BARRETT, Circuit Judges, and O'CONNOR, District Judge.[2]
 
 
 2
 Khalid Khattabi appeals from the Board of Immigration Appeals' ("BIA") dismissal of his administrative appeal.[3] Mr. Khattabi contends that the BIA improperly dismissed his appeal from an Immigration Judge's ("IJ") denial of his request for either (1) a waiver of the joint filing requirement to remove Mr. Khattabi's conditional permanent residence status under 8 U.S.C. 1186a(c)(4); or (2) voluntary departure. Our jurisdiction arises under 8 U.S.C. 1105a(a). Having reviewed the record, we find that the BIA acted within the scope of its discretion in dismissing Mr. Khattabi's appeal, and we affirm.
 
 Background
 
 3
 Mr. Khattabi is a native and citizen of Morocco. He initially entered the United States on a nonimmigrant student visa in 1985. In March 1989, Mr. Khattabi married Ms. Theresa Jean Youngman, a United States citizen. However, in October 1989 Mr. Khattabi and Ms. Youngman separated, and their divorce became final on April 10, 1990.
 
 
 4
 Certain facts concerning the circumstances of how Mr. Khattabi and Ms. Youngman first met, how their marriage came about, and how it ultimately ended, are disputed. Mr. Khattabi alleges that he divorced Ms. Youngman because of her excessive marijuana use. Ms. Youngman disagrees, says she does not use marijuana, and that she chose to divorce Mr. Khattabi because he stopped showing an interest in her after she testified in favor of his permanent resident status.
 
 
 5
 After the divorce, Ms. Youngman withdrew her support for Mr. Khattabi's conditional permanent residence. In March 1991, Mr. Khattabi filed an application for a waiver of the joint petition requirement with the INS. In February 1992, the INS District Director denied Mr. Khattabi's application, terminated his conditional permanent resident status, and initiated deportation proceedings. At the deportation proceedings, the IJ conducted an evidentiary hearing at which both Mr. Khattabi and Ms. Youngman testified. Mr. Khattabi also presented affidavits from two friends and an attorney in support of his petition. After hearing the evidence, the IJ denied Mr. Khattabi's application.
 
 
 6
 The BIA dismissed Mr. Khattabi's appeal in a written opinion dated January 23, 1995. The BIA held that the waiver application was properly denied because Mr. Khattabi failed to demonstrate good faith entrance into the qualifying marriage. 8 U.S.C. 1186a(c)(4)(B). The BIA also ruled that the IJ properly denied Mr. Khattabi's alternative application for voluntary departure. This appeal followed.
 
 Discussion
 
 7
 We review the Board of Immigration Appeals' dismissal of an appeal for abuse of discretion. Nazakat v. INS, 981 F.2d 1146, 1148 (10th Cir.1992). The BIA's legal interpretations are subject to de novo review. Kapcia v. INS, 944 F.2d 702, 705 (10th Cir.1991). We review the BIA's factual determinations under a standard of substantial evidence, Solis-Muela v. INS, 13 F.3d 372, 375 (10th Cir.1993), giving significant weight to the IJ's credibility determinations. Dulane v. INS, 46 F.3d 988, 998 (10th Cir.1995). Viewing the record as a whole, Foti v. INS, 375 U.S. 217, 228 (1963), substantial evidence supports the IJ's adverse credibility finding regarding Mr. Khattabi and his supporting affidavits; the BIA conducted a thorough review and acted within its discretion in dismissing Mr. Khattabi's appeal.
 
 A.
 
 8
 An alien who marries a United States citizen "obtain[s] the status of an alien lawfully admitted for permanent residence" on a "conditional basis." 8 U.S.C. 1186a(a)(1). In order to have the conditional status removed, the alien and the spouse must jointly petition the Attorney General within a 90-day period preceeding the couple's second anniversary for removal of the condition and appear for a personal interview. 8 U.S.C. 1186a(c)(1), (d)(2). In cases in which the alien and the spouse separate, making the joint petition impracticable, the statute provides that the alien may apply for a discretionary waiver of the joint filing requirement, if he can show that deportation would result in extreme hardship, id. 1186a(c)(4)(A), or that he entered into the marriage in good faith, id. 1186a(c)(4)(B).
 
 1.
 
 9
 Mr. Khattabi agrees that he had the burden of proof to show that he entered his marriage in good faith. 8 U.S.C. 1186a(c)(4)(B). He contends that the BIA erred in finding that he failed to satisfy his burden of proof. We are not persuaded. The mere fact that Mr. Khattabi submitted a greater quantity of evidence in support of his position in no way proves that he entered the marriage in good faith. The IJ could certainly find on this record that Mr. Khattabi's testimony was not as credible as that of his ex-wife. In addition, the BIA took note of the IJ's finding that Khattabi's documentary evidence, while credible, was probative only of what Mr. Khattabi had related to the affiants, and not of what actually occurred between Mr. Khattabi and Ms. Youngman. Further, the BIA did not, as Mr. Khattabi suggests, "go[ ] out of its way to discredit the affidavits of Khattabi's witnesses as hearsay.' " Aplt. Br. at 32. The BIA did consider this evidence, and gave it exactly the weight it merited, which is less weight than it accorded Ms. Youngman's live testimony.
 
 
 10
 Mr. Khattabi also argues that the BIA improperly applied the "good faith" standard by "evaluating events which occurred after Khattabi and Theresa were married, and bear no direct relationship to Khattabi's intent at the time of the marriage." Aplt. Br. at 21 (emphasis in original). However, this evidence can be probative of Mr. Khattabi's intentions prior to marrying Ms. Youngman. The IJ was not persuaded by Mr. Khattabi's version of the events that transpired after the marriage, especially the evidence he presented regarding Ms. Youngman's marijuana use. The IJ's interpretation of all the evidence, including the short period of courtship prior to the marriage and the breakup shortly after Mr. Khattabi attained his conditional permanent residency status, leads to the permissible conclusion on substantial evidence that Mr. Khattabi married Ms. Youngman for the sole purpose of gaining his permanent residency.
 
 2.
 
 11
 Mr. Khattabi's "due process" claims are also without merit. The BIA did not exclude the undeniable hearsay and double hearsay evidence contained in the affidavits submitted; rather, the BIA accorded it less weight than Ms. Youngman's live testimony, and reached a conclusion contrary to Mr. Khattabi's position. Mr. Khattabi also makes a similar argument that the BIA failed to consider all the evidence. Once again, the BIA clearly indicates in its opinion that it considered each piece of evidence presented by Mr. Khattabi. The fact that the IJ and the BIA each found Mr. Khattabi's evidence to be unpersuasive does not suggest that Mr. Khattabi was denied due process of law. Finally, Mr. Khattabi's claim that the BIA failed to consider his "extreme hardship" argument on appeal is untenable. The BIA clearly considered this claim and did not abuse its discretion in denying Mr. Khattabi's waiver on the extreme hardship grounds. See 8 U.S.C. 1186a(c)(4)(A).
 
 B.
 
 12
 Mr. Khattabi also contends here that the BIA erred in denying his request for voluntary departure. Mr. Khattabi failed to raise the issue of voluntary departure on appeal to the BIA. Nevertheless, because the BIA issued a ruling on the issue, we have jurisdiction to entertain Mr. Khattabi's petition with respect to his request for voluntary departure. Dulane v. INS, 46 F.3d 988, 996 (10th Cir.1995).
 
 
 13
 An "alien under deportation proceedings" may "depart voluntarily ... at his own expense" if he demonstrates that he has been "a person of good moral character for at least five years immediately preceeding his application...." 8 U.S.C. 1254(e)(1). While Mr. Khattabi cannot be classified under any of the enumerated classes establishing a lack of good moral character under 8 U.S.C. 1101(f), "[t]he fact that any person is not within any of the [enumerated] classes shall not preclude a finding that for other reasons such person is or was not of good moral character." Id. The statutory requirements only establish the minimum qualifications for voluntary departure; it remains within the BIA's discretion to decide if the application will be accepted. Parcham v. INS, 769 F.2d 1001, 1004 (4th Cir.1985). Especially when viewed in the light of Mr. Khattabi's failure to raise the issue of voluntary departure before the BIA, the BIA's review of the evidence and denial of Mr. Khattabi's request does not constitute an abuse of discretion. See Rivera-Zurita, 946 F.2d at 120 n. 2. Therefore, we must deny Mr. Khattabi's petition with respect to the BIA's denial of his voluntary departure.
 
 
 14
 Review DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 The Honorable Earl E. O'Connor, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 [3]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. In accordance with our Order of October 23, 1995, the cause is ordered submitted without oral argument