NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AHMED SHEH MOHAMED, | No. 18-70318 |
| Petitioner, | Agency No. A202-098-001 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2019**
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and WU,*** District Judge.

Petitioner Ahmed Sheh Mohamed, a native and citizen of Somalia, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision finding that he filed a frivolous

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

asylum application and denying his application for asylum and relief under the Convention Against Torture ("CAT"), but granting withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252.

"A 'determination that an applicant knowingly made a frivolous application for asylum' is reviewed de novo 'for compliance with [the] procedural framework outlined by the BIA.'" *Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013) (quoting *Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010)). "'Whether the IJ properly applied the regulatory framework is a question of law,' *id*., and therefore is reviewed de novo." *Id.* (quoting *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013)). We deny petition.

An individual who knowingly files a frivolous asylum application is permanently ineligible for any benefit under the INA, other than withholding of removal. *See* 8 U.S.C. § 1158(d)(6). "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. A misrepresentation is material when it "tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he be excluded." *Matter of D-R-*, 27 I. & N. Dec. 105, 112 (BIA 2017) (quoting *Matter of Bosuego*, 17 I. & N. Dec. 125, 127 (BIA 1980)).

The IJ and BIA properly found that Mohamed fabricated a material element of his asylum application when he concealed his prior residence in South Africa. An

applicant who has "firmly resettled" in a third country prior to arriving in the United States is ineligible for asylum. 8 C.F.R. § 208.13(c)(2)(i)(B). Mohamed's misrepresentation shut off a line of inquiry regarding whether his residence in South Africa rendered him ineligible for asylum based on the firm resettlement doctrine, regardless of what the outcome of such an inquiry would have been. Mohamed's omission was therefore material, and the IJ and BIA properly found that he had filed a frivolous asylum application.

Moreover, the IJ did not erroneously base her frivolousness finding on Mohamed's criminal conviction for knowingly making a false statement under oath of a material fact in his asylum application, in violation of 18 U.S.C. § 1546(a). Rather, in addressing whether Mohamed deliberately fabricated a material assertion in his asylum application, the IJ relied on the fact that Mohamed's prior residence in South Africa may have meant that the firm resettlement doctrine applied in his case. The IJ explained that she found herself bound by the behavior underlying the conviction (*i.e.* Mohamed's concealment of his time in South Africa) as well as his admission of both the concealment and the materiality of that concealment, and not that she found herself bound merely by the conviction itself. The IJ therefore made the requisite "specific[] find[ing] that [Mohamed] knowingly filed a frivolous asylum application" under the BIA regulations. *See* 8 C.F.R. § 1208.20.

For the reasons stated above, we **DENY** Mohamed's petition for review.

18-70318